IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 115,904

KEDRIN D. LITTLEJOHN,
*Appellant,*

v.

STATE OF KANSAS,
*Appellee.*

SYLLABUS BY THE COURT

An inmate filing a second or successive motion under K.S.A. 60-1507 must show exceptional circumstances to avoid having the motion dismissed as an abuse of remedy.

Review of the judgment of the Court of Appeals in an unpublished opinion filed June 30, 2017. Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed August 23, 2019. Judgment of the Court of Appeals reversing the district court is reversed, and the case is remanded to the Court of Appeals with directions.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, argued the cause, and *Krystle M.S. Dalke*, of the same firm, was with him on the brief for appellant.

*Boyd K. Isherwood*, chief assistant district attorney, argued the cause, and *Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were with him on the briefs for appellee.

The opinion of the court was delivered by

JOHNSON, J.: The State petitions this court for review of the Court of Appeals' decision reversing the district court's summary denial of Kedrin D. Littlejohn's K.S.A.

60-1507 motion and remanding the case to the district court for an evidentiary hearing on the issue of whether Littlejohn's trial counsel was ineffective for failing to pursue a defense of mental defect and to request jury instructions regarding the same defense. *Littlejohn v. State*, No. 115,904, 2017 WL 2833312 (Kan. App. 2017) (unpublished opinion). The State contends that the panel applied an incorrect standard to determine whether the district court should have considered a second or successive K.S.A. 60-1507 motion. We agree and remand to the Court of Appeals to apply the correct standard.

FACTUAL AND PROCEDURAL OVERVIEW

A more complete recitation of the facts underlying Littlejohn's crimes is set forth in our opinion from the direct appeal, *State v. Littlejohn*, 298 Kan. 632, 316 P.3d 136 (2014). During a May 2008 botched robbery by Littlejohn and Shannon Bogguess, the intended victim was shot, kidnapped, and then run over and killed by a vehicle driven by Bogguess. Littlejohn was arrested; police matched the blood at the scene with blood on Littlejohn's shoes; and Littlejohn eventually confessed to participating in the crimes. 298 Kan. at 634-38. See also *State v. Bogguess*, 293 Kan. 743, 744-45, 268 P.3d 481 (2012).

Before trial, Littlejohn's counsel filed a motion to determine competency, as well as a motion to suppress Littlejohn's statements to police on the grounds that Littlejohn's *Miranda* waiver was involuntary or coerced. Littlejohn had several attorneys during the pretrial district court proceedings, and the record on appeal is not always clear as to which attorney filed which motion. Quentin Pittman represented Littlejohn during the jury trial.

After a hearing on December 4, 2009, the district court found that Littlejohn could understand the charges and assist in his defense, and, therefore, he was competent to stand trial. The court relied upon a report produced by Comcare (Comcare report). That

2

report, while finding Littlejohn competent to stand trial, noted that "it may be helpful to have IQ testing completed on Mr. Littlejohn."

The Comcare report referred to a previous IQ test that had been administered by the Wichita Child Guidance Center in 2006, when Littlejohn was 16, and that had revealed Littlejohn to be moderately mentally retarded. That 2006 report is included in the record on appeal as an attachment to Littlejohn's 60-1507 motion. It includes a number of different scores on various types of tests and designates Littlejohn's full scale IQ as 49, which is less than the 0.1 percentile and considered to be in the moderate mental retardation range.

The 2006 report noted a concern that another report from 1997, when Littlejohn was 7 years old, indicated that Littlejohn's IQ levels were normal at that point, with a full scale IQ of 100. The 2006 report questioned whether this was due to an intervening decline in mental abilities or whether the 1997 testing was flawed. The 1997 report is not in the record on appeal. Comcare's suggestion of an updated IQ test was premised on the discrepancy between the 1997 and 2006 test results.

The district court again discussed Littlejohn's mental capacity at a suppression hearing on the eve of the jury trial on October 8, 2010. Dr. Mitchell Flesher, a psychologist, testified as an expert for the defense in the context of the voluntariness of Littlejohn's statements to the police. Based upon an in-jail evaluation of Littlejohn in September 2009, Dr. Flesher said Littlejohn read at a third grade level, spelled at a fourth grade level, and displayed fourth grade level math skills. All of these scores were in the first or second percentile, meaning that Littlejohn's scores would have been the lowest 1 or 2 out of every 100 people. Dr. Flesher conducted other tests and evaluations with similar low results. He scored Littlejohn's verbal IQ at 70 and his full scale IQ at 71. Dr. Flesher said that although Littlejohn's full scale score was technically above the

3

threshold IQ of 70 to be considered mentally retarded, Dr. Flesher diagnosed Littlejohn as mentally retarded and provided his reasons for doing so.

Littlejohn's trial counsel did not mount a mental defect defense and did not request any jury instructions relative to his mental retardation. The defense focused on inconsistencies in the evidence and tried to portray Littlejohn as a victim of, and not a participant in, the crimes. *Littlejohn*, 2017 WL 2833312, at *8. The jury convicted Littlejohn of felony murder, aggravated robbery, aggravated kidnapping, and aggravated assault. His convictions were affirmed on direct appeal, and the mandate issued February 10, 2014. *Littlejohn*, 298 Kan. at 660.

Littlejohn filed his first 60-1507 motion in June 2014, which was summarily denied "because the claims were conclusory." Littlejohn filed an untimely appeal of that denial in October 2014 but later voluntarily withdrew it. Neither the first 60-1507 motion nor any of the court orders associated with it are included in the record on appeal. But both parties refer to the existence of the first 60-1507 motion, and the facts surrounding it are not in dispute.

Littlejohn filed his second 60-1507 motion—the subject of this appeal—on January 16, 2015. In his pro se memorandum in support of the motion, Littlejohn argued that his trial counsel was ineffective for failing to protect various constitutional rights, which constituted exceptional circumstances that would allow him to proceed with a second 60-1507. Among the several issues Littlejohn raised in the motion was an ineffective assistance of counsel claim for his trial attorney's failure to utilize a mental defect defense and a claim that the trial court erred in failing to give a jury instruction on mental defect as a defense.

4

The district court failed to take any action on the motion for some 10 months. After the State belatedly filed a response to the motion on November 4, 2015, in which it ignored the merits of Littlejohn's claims and simply argued for a dismissal based upon the motion being successive, Sedgwick County District Judge James Fleetwood finally addressed the motion on November 10, 2015. Chief Judge Fleetwood's order appears to be a copy-and-paste of the State's response, denying the motion as successive and an abuse of remedy.

On appeal, Littlejohn argued that the district court erred in summarily denying his 60-1507 motion without appointing counsel, despite receiving a response from the State, and that the district court erred in dismissing the 60-1507 motion as successive because he demonstrated exceptional circumstances that would permit a second motion.

The Court of Appeals held that the failure to appoint counsel was not error but reversed and remanded for a hearing on whether trial counsel was ineffective for failing to investigate Littlejohn's mental defect defense. *Littlejohn*, 2017 WL 2833312, at *10. The panel held that justice would be served by considering Littlejohn's successive 60-1507 motion and the issue of ineffective assistance of counsel, taking note of evidence in the record on appeal of Littlejohn's diminished mental capacity, full scale IQ of 71, and diagnosis of mild mental retardation. 2017 WL 2833312, at *10. In doing so, the panel opined that Supreme Court Rule 183(d) (2017 Kan. S. Ct. R. 222) does not require a court to find that exceptional circumstances exist that would allow a court to consider a second or successive 60-1507 motion, so long as the motion includes any colorable claims. 2017 WL 2833312, at *7.

The State timely petitioned for review, arguing that the panel erred in holding that the district court did not have to find exceptional circumstances to consider the merits of

Littlejohn's second 60-1507 motion. Littlejohn did not cross-petition on the appointment of counsel issue; that issue is not before this court.

## SECOND OR SUCCESSIVE MOTIONS UNDER K.S.A. 60-1507

The State contends that our precedent has required that a K.S.A. 60-1507 movant demonstrate exceptional circumstances before a district court is required to consider the merits of a second or successive 60-1507 motion. Accordingly, the State argues that the Court of Appeals erroneously interpreted Supreme Court Rule 183(d) (2018 Kan. S. Ct. R. 223) as requiring that a district court consider the merits of a second or successive motion if the movant "asserts any colorable claims." 2017 WL 2833312, at *7. We agree with the State; the panel applied an incorrect standard.

*Standard of Review*

When a district court summarily denies a K.S.A. 60-1507 motion, appellate review of that ruling is de novo. See *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014). The interpretation of statutes and Supreme Court rules involves questions of law reviewable de novo. *Stewart v. State*, 310 Kan. ___, No. 115,149, 2019 WL 3047724, at *3 (2019).

*Analysis*

Obviously, a K.S.A. 60-1507 motion is a creature of statute, and, therefore, we start by looking at the language of the statute. The statute contains a subsection that specifically deals with successive motions, to-wit: "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." K.S.A. 2018 Supp. 60-1507(c).

6

In *Nguyen v. State*, 309 Kan. 96, 107, 431 P.3d 862 (2018), we pointed out that "[a] plain language reading of [K.S.A. 60-1507(c)] might well suggest that the district court has unfettered discretion to decline to consider a second or successive 60-1507 motion, notwithstanding the reason for the subsequent motion and regardless whether injustice may result from the refusal to consider the motion's merits." But we clarified that, for decades, our caselaw has not interpreted the provision as being without exception. See *Dunlap v. State*, 221 Kan. 268, 270, 559 P.2d 788 (1977) ("The sentencing court should not entertain a second or successive motion for relief under K.S.A. 60-1507 on behalf of the same person unless the errors affect constitutional rights and there are *exceptional circumstances* which justify entertaining a second or successive motion." [Emphasis added.]). *Nguyen* "confirmed that a movant could avoid having a second or successive K.S.A. 60-1507 motion dismissed as an abuse of remedy by establishing exceptional circumstances." 309 Kan. at 108. Accord *Beauclair v. State*, 308 Kan. 284, 304-05, 419 P.3d 1180 (2018) (claim of innocence founded upon victim's recantation sufficient exceptional circumstance to avoid dismissal as successive motion).

On the other hand, *Nguyen* pointed to Supreme Court Rule 183 as explaining and implementing the procedure to be followed under K.S.A. 60-1507 and recited the successive motions rule under subsection (d):

"A sentencing court may not consider a second or successive motion for relief by the same movant when:

(1) the ground for relief was determined adversely to the movant on a prior motion;

(2) the prior determination was on the merits; and

7

(3) justice would not be served by reaching the merits of the subsequent motion." Supreme Court Rule 183(d) (2018 Kan. S. Ct. R. 225).

In contrast to the plain language of the statutory provision, we noted that "a plain reading of [Supreme Court Rule 183(d)(3)] would suggest that a district court is permitted to decline to consider a successive motion *only* 'when . . . justice would not be served by reaching the merits of the subsequent motion.' Supreme Court Rule 183(d)(3) (2018 Kan. S. Ct. R. 225)." 309 Kan. at 108.

We reconciled the contradictory implications of the respective plain language of the statute and the rule by incorporating the Rule 183(d)(3) determination—whether justice would be served by reaching the merits of a successive motion—into the statutorily driven analysis—whether exceptional circumstances exist. In discussing the exceptional circumstances in that case, e.g., movant's inability to understand English and counsel's dilatory performance, *Nguyen* noted that the district court must at least read the motion and consider the merits before dismissing the motion as successive. Moreover, *Nguyen* intimated that serving justice has to be part of analyzing the exceptional nature of the circumstances. 309 Kan. at 111.

The panel below, however, ignored the statutory provision and focused entirely on Rule 183(d). It noted that the phrase "exceptional circumstances" does not appear in that subsection of the rule, but rather the phrase only appears in Rule 183(c)(3) which directs that a 60-1507 motion is not to be used as a substitute for a direct appeal of mere trial errors or a substitute for a second appeal. *Littlejohn*, 2017 WL 2833312, at *10. Consequently, the panel held that a showing of exceptional circumstances was unnecessary for a movant filing a second or successive 60-1507 motion. 2017 WL 2833312, at *5. Rather, it chose the plain reading of subsection Rule 183(d)(3) that we subsequently rejected in *Nguyen*, i.e., that a district court is permitted to decline to

8

consider a successive motion *only* when justice would not be served by reaching the merits of the subsequent motion.

Then, after rejecting our long-standing requirement for a showing of exceptional circumstances, the panel veered further off-course by creating a new test to determine whether justice would not be served by reaching the merits of a successive 60-1507 motion. It held that the question of whether justice requires reaching the merits of a successive motion is answered by determining whether the movant "asserts any colorable claims." 2017 WL 2833312, at *7. That test not only confuses decades of precedent and is unnecessary, it is unsupported by any precedent, except perhaps a passing reference in the previous unpublished opinion in *Saleem v. State*, No. 94,945, 2006 WL 3353769, at *13 (Kan. App. 2006) (unpublished opinion). Certainly, as we say above, the merit of a movant's claims will factor into the calculus of whether a movant has presented exceptional circumstances to avoid dismissal of a successive motion. But the presentation of any colorable claim is not the determinative factor on whether a successive motion gets an evidentiary hearing on the merits.

In sum, the Court of Appeals applied the wrong standard in determining whether the district court erred in summarily denying Littlejohn's 60-1507 motion as being an abuse of remedy. The test should have been whether Littlejohn had presented exceptional circumstances to justify reaching the merits of the motion, factoring in whether justice would be served by doing so. We remand to the Court of Appeals to apply the correct standard. In doing so, we do not intend to indicate any opinion as to the result of that correct analysis.

Reversed and remanded with directions.

NUSS, C.J. and BILES and STEGALL, JJ., concur in the result.

9