NOT DESIGNATED FOR PUBLICATION

No. 121,394

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ANTWAN T. PEPPERS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; NANCY E. PARRISH, judge. Opinion filed February 5, 2021.
Affirmed.

*Jonathan B. Phelps*, of Phelps-Chartered, of Topeka, for appellant.

*Jodi Litfin*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., HILL and BUSER, JJ.

PER CURIAM:  Antwan T. Peppers appeals the dismissal of his second and third
K.S.A. 60-1507 motions. To overcome both the one-year time limit for filing a habeas
corpus motion and the prohibition against successive motions, he claims he has newly
discovered evidence that establishes a colorable claim of his innocence. But the evidence
he puts forth—the recantation of an eyewitness—is not new evidence. Nor does that
evidence make it more likely than not that he would not have been convicted. Thus, we
affirm the district court's dismissal of his two motions.

1

Peppers was convicted of one count of first-degree murder and one count of attempted first-degree murder in Topeka. Peppers received a life sentence in prison for murder with no chance of parole for 50 years, along with a consecutive 272-month prison term for attempted first-degree murder. The Kansas Supreme Court affirmed those convictions in *State v. Peppers*, 294 Kan. 377, 276 P.3d 148 (2012).

Peppers filed his first K.S.A. 60-1507 motion in 2013, alleging ineffective assistance of trial counsel and that new evidence entitled him to a new trial. That new evidence was a 2012 letter to the Shawnee County District Attorney written by Terrell Hayes-Osby, a victim of the shooting who had testified at trial that Peppers was the gunman. Hayes-Osby said in his letter that Peppers had not shot him and the State had coerced his testimony stating otherwise.

The district court ordered an evidentiary hearing on those claims. Hayes-Osby was scheduled to testify by video from prison. He had been convicted of the second-degree murder of Peppers' close friend; that murder had led to the shooting outside Terry's Bar & Grill. But Peppers moved to cancel the testimony and then withdrew his claim of newly discovered evidence. The district court denied relief on Peppers' ineffective assistance claim and this court affirmed that decision in *Pepper v. State*, No. 112,344, 2015 WL 6443486 (Kan. App. 2015) (unpublished opinion).

Peppers then filed his second 60-1507 motion in November 2014, arguing that his hard 50 life sentence was illegal under the holding in *Alleyne v. United States,* 570 U.S. 99, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013). The Supreme Court held in that case that any fact that increases a sentence beyond the statutory minimum must be found by a jury beyond a reasonable doubt. 570 U.S. at 114-16. After that, in January 2017, Peppers filed his third 60-1507 motion. This time he claimed he had new evidence and attached the same letter from Hayes-Osby to the Shawnee County District Attorney that he had attached to his first 60-1507 motion he filed in 2013.

The district court summarily denied both motions in 2018. Peppers has now appealed that decision to our court.

When a district court denies a 60-1507 motion without holding a hearing, our review is unlimited—meaning that we do not defer to the district court's decision. The goal of our review is to determine whether the motion, files, and records of the case conclusively show that the movant is entitled to no relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

Peppers concedes on appeal that the district court properly dismissed his second 60-1507 motion. The Kansas Supreme Court has recognized that under *Alleyne*, the hard 50 sentencing scheme that Peppers was sentenced under is unconstitutional. See *State v. Soto*, 299 Kan. 102, 124, 322 P.3d 334 (2014). But that court held in *Kirtdoll v. State*, 306 Kan. 335, Syl. ¶ 2, 393 P.3d 1053 (2017), that *Alleyne* does not apply retroactively to invalidate a sentence that was final before *Alleyne* was decided. Peppers' sentence became final when the Kansas Supreme Court issued the mandate in his direct appeal in May 2012—the year before the United States Supreme Court decided *Alleyne*. Peppers has no right to relief under *Alleyne*, so we affirm the district court's summary denial of his second 60-1507 motion.

When we turn to Peppers' third 60-1507 motion, we must affirm the district court's decision because two procedural hurdles bar his relief.

The first is a one-year time limit provided by statute in K.S.A. 2019 Supp. 60-1507(f)(1). Under that provision, an inmate must make any habeas claims within one year after the inmate's direct appeal. An extension of that period is allowed only if it is needed "to prevent manifest injustice." K.S.A. 2019 Supp. 60-1507(f)(2). This motion was filed years after the one-year time limit had expired.

The second hurdle Peppers faces is that his motion is "successive"—meaning he has brought habeas corpus proceedings before. Under the Kansas habeas statute, courts need not consider more than one habeas petition for similar relief. K.S.A. 2019 Supp. 60-1507(c). Because a person bringing a habeas motion is presumed to have listed all grounds for relief, *Beauclair*, 308 Kan. at 304, a court need not consider a later motion unless the person shows "exceptional circumstances." *Littlejohn v. State*, 310 Kan. 439, 446, 447 P.3d 375 (2019).

*Peppers does not present a colorable claim of actual innocence.*

A colorable claim of actual innocence based on new evidence can establish both the manifest injustice and exceptional circumstances needed to overcome the procedural bars of untimeliness and successiveness. See *Beauclair*, 308 Kan. at 304-05. To establish a colorable claim of actual innocence and secure review on the merits, the habeas movant must show that, more likely than not, no reasonable juror would have convicted the movant given the new evidence. 308 Kan. at 301.

Peppers argues on appeal that Hayes-Osby's recantation letter is newly discovered evidence that establishes a colorable claim of actual innocence. We disagree for two reasons.

First, the letter is not new evidence. It is the same letter that Peppers included with his first 60-1507 motion in 2013. Peppers had a chance to pursue this issue during the evidentiary hearing on that motion, but he cancelled Hayes-Osby's scheduled testimony. Peppers said he disagreed with his attorney's decision to cancel that testimony, but he has not explained the decision or alleged that his counsel was ineffective.

Second, the recantation does not make it more likely than not that no reasonable juror would have convicted Peppers. We have reviewed the trial proceedings, and we

4

acknowledge that Hayes-Osby's testimony identifying Peppers as the shooter was an important part of the State's case. But the case did not rest only on that testimony. Two other eyewitnesses testified that Peppers was the shooter. Another witness testified that Peppers had come by his house on the afternoon of the shooting looking for Hayes-Osby. A phone that Peppers often used had been used to call Hayes-Osby late on the night of the shooting, corroborating Hayes-Osby's initial account that Peppers called him to meet at Terry's Bar & Grill. And a prison informant testified that Peppers had told him about shooting two guys sitting in a car that had killed his friend. Peppers claimed to have killed one of them.

The record also discloses some reasons that a juror could doubt the credibility of Hayes-Osby's recantation. Peppers and Hayes-Osby were members of related gangs; Peppers was the local chief, Hayes-Osby was a lower level member. The State introduced letters at trial that Peppers and Hayes-Osby had exchanged while in prison awaiting trial. In those letters, Peppers warned Hayes-Osby that his testimony would be an organizational violation punishable by death. They also discussed a plan to change their testimony so that neither was implicated in the shooting of Peppers' close friend, nor the shooting outside of Terry's. Hayes-Osby also admitted at trial to making false statements to police.

Given the State's trial evidence, we cannot hold it more likely than not that Peppers would not have been convicted based on Hayes-Osby's recantation. Because Peppers has not made a colorable claim of actual innocence, the district court was correct to summarily dismiss his 60-1507 motion as untimely and successive.

Affirmed.

5