NOT DESIGNATED FOR PUBLICATION

No. 121,553

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

KEITH L. CRAWFORD,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; J. PATRICK WALTERS, judge. Opinion filed February 26, 2021. Affirmed.

*Wendie C. Miller*, of Kenneth B. Miller, Atty at Law, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., GREEN and BRUNS, JJ.

PER CURIAM: Keith L. Crawford—an inmate at the Hutchinson Correctional Facility—appeals the district court's summary dismissal of his third motion for habeas corpus relief under K.S.A. 60-1507. The district court found that Crawford's K.S.A. 60-1507 motion was untimely and that he had failed to establish manifest injustice to justify his failure to file the motion in a timely manner. We agree with the district court that Crawford's K.S.A. 60-1507 motion was untimely and that he has failed to show manifest injustice. Likewise, we find that the motion was successive. Thus, we affirm the district court's summary denial of Crawford's K.S.A. 60-1507 motion.

1

Crawford was convicted of rape in 1997 and was sentenced to 644 months in prison. A panel of this court subsequently affirmed Crawford's conviction and sentence. *State v. Crawford*, No. 80,646, unpublished opinion filed February 18, 2000 (Kan. App.). After the Kansas Supreme Court denied Crawford's petition for review, a mandate was issued on May 4, 2000.

A review of the record reflects that Crawford has filed two previous K.S.A. 60-1507 motions. On March 27, 2001, Crawford filed a motion under K.S.A. 60-1507 in which he raised 17 issues. Following a remand for an evidentiary hearing, the district court denied the motion; and, later, a panel of this court affirmed. *Crawford v. State*, No. 93,916, 2006 WL 2265057, at *1 (Kan. App. 2006) (unpublished opinion).

Then, on February 9, 2007, Crawford filed his second K.S.A. 60-1507 motion. The district court summarily dismissed the motion as being untimely and successive. On appeal, a panel of this court affirmed the district court's decision. *Crawford v. State*, No. 99,286, 2009 WL 500952, at *1 (Kan. App. 2009) (unpublished opinion). In doing so, the panel concluded as follows:

> "Crawford seeks to raise two issues that he should have been aware of when he brought his direct appeal and when he brought his first K.S.A. 60-1507 motion. He has not shown that manifest injustice would occur if he were not allowed to bring this K.S.A. 60-1507 motion, which was filed well after the 1-year time limit.
>
> . . . .
>
> " . . . [W]e likewise agree with the district court that the ends of justice do not require that he be allowed a successive K.S.A. 60-1507 motion to raise similar claims to the ones he has already pursued." *Crawford*, 2009 WL 500952, at *1.

On December 22, 2009, Crawford filed a motion to correct an illegal sentence. The district court summarily denied the motion, and Crawford's appeal was dismissed for failure to timely file a notice of appeal. In 2010, Crawford filed a second motion to correct an illegal sentence in which he raised arguments similar to those he had raised in his first motion. Again, the district court summarily denied the motion. This time Crawford timely appealed, and the summary dismissal was upheld on appeal. *State v. Crawford*, No. 106,399, 2012 WL 2785939 (Kan. App. 2012) (unpublished opinion). On August 20, 2014, Crawford filed another motion to correct illegal sentence, followed by yet another motion filed in November 2014. This motion was denied by the district court and a panel of this court affirmed. *State v. Crawford*, No. 114,595, 2017 WL 1197996 (Kan. App. 2017) (unpublished opinion).

Finally, on May 21, 2018, Crawford filed a third K.S.A. 60-1507 motion, which is the subject of this appeal. Once again, the district court summarily dismissed Crawford's motion. Specifically, the district court found:

> "The Court, upon its own inspection of the motion, files and records of the case, determines the time limitations under K.S.A. 60-1507(B)(3) have been exceeded and that dismissal of the motion would not equate with manifest injustice, thereupon, the motion is dismissed as untimely filed."

Thereafter, Crawford filed a timely notice of appeal.

ANALYSIS

Although Crawford devotes most of his brief on what he perceives to be the merits of his third K.S.A. 60-1507 motion, the primary issue presented on appeal is whether the district court erred in summarily dismissal of his motion. If we affirm the district court's summary dismissal, there is no need for us to reach Crawford's underlying arguments.

3

However, if we reverse the summary dismissal, the appropriate remedy would be to remand this matter to the district court for an evidentiary hearing.

When a district court summarily dismisses a K.S.A. 60-1507 motion, we conduct a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant has no right to relief. We are to conduct this review independently and do not defer to the district court's decision. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018). Here, it is undisputed that Crawford's K.S.A. 60-1507 motion was untimely filed.

Accordingly, the question presented is whether Crawford should be allowed to proceed under K.S.A. 60-1507(f)(2), which allows the time limit to be extended "to prevent a manifest injustice." Although the term "manifest injustice" has not been explicitly defined in the context of K.S.A. 60-1507(f)(2), this court has interpreted the phrase in other contexts to mean "obviously unfair" or "shocking to the conscience." *Ludlow v. State*, 37 Kan. App. 2d 676, 686, 157 P.3d 631 (2007). Without a showing of manifest injustice, a district court must dismiss a motion if the motion, files, and records of the case show that the time limitation has been exceeded. K.S.A. 2020 Supp. 60-1507(f)(3). See *State v. Trotter*, 296 Kan. 898, 905, 295 P.3d 1039 (2013).

Moreover, K.S.A. 2020 Supp. 60-1507(f)(2)(A) defines the scope of our review:

"For purposes of finding manifest injustice under this section, the court's inquiry shall be limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence. As used herein, the term actual innocence requires the prisoner to show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence."

4

In an attempt to establish manifest injustice, Crawford neither explains the lengthy delay in filing his third K.S.A. 60-1507 motion nor does he argue actual innocence. Instead, Crawford claims that the district court committed "judicial misconduct" during his 1997 jury trial and alleges numerous trial errors. However, Crawford makes no attempt to show why he could not have asserted these issues long ago. In fact, Crawford has previously raised many of these issues in his direct appeal as well as in his many subsequent motions. Accordingly, we agree with the district court that Crawford has not established manifest injustice to justify the untimely filing of his K.S.A. 60-1507 motion.

Additionally, although the district court did not dismiss Crawford's K.S.A. 60-1507 motion as "successive," we also conclude that this is an additional justification for dismissing Crawford's motion. Specifically, Crawford's motion is successive in that he asserts claims that were decided—or which could have been decided—on direct appeal or in the multiple motions he has filed since that time. Under K.S.A. 60-1507(c), district courts need not consider more than one habeas motion seeking similar relief filed by the same prisoner. Because a movant is presumed to have listed all of the grounds for relief in his or her initial K.S.A. 60-1507 motion, a prisoner must show "exceptional circumstances" to justify the filing of successive motions. *Littlejohn v. State*, 310 Kan. 439, 446, 447 P.3d 375 (2019); see *Trotter*, 296 Kan. 898, Syl. ¶ 2.

Exceptional circumstances include "unusual events or intervening changes in the law which prevent[ed] a movant from reasonably being able to raise all of the trial errors in the first postconviction proceeding." *State v. Kelly*, 291 Kan. 868, Syl. ¶ 2, 248 P.3d 1282 (2011). The purpose of the exceptional circumstances' requirement is to allow movants to explain why they did not raise an issue during their first postconviction proceeding. See *Trotter*, 296 Kan. 898, Syl. ¶ 2. Here, Crawford does not offer such an explanation, nor does he not point to any changes in the law or unusual circumstances that would justify the filing of successive K.S.A. 60-1507 motions.

5

Furthermore, under the law-of-the-case doctrine, issues that have been finally decided in prior appeals in the same case are generally not to be reconsidered. This is because litigants are not entitled to have their cases decided on a piecemeal basis. Rather, they must proceed in accordance with the mandates and legal rulings as established in previous appeals. *State v. Parry*, 305 Kan. 1189, 1194-95, 390 P.3d 879 (2017). Here, each of Crawford's previous appeals arise out of his 1997 rape conviction and sentence.

A review of the record reveals that many of the issues he asserts in his most recent K.S.A. 60-1507 were previously raised in his direct appeal or in his previous motions. In his direct appeal, Crawford asserted that the district court erred by denying his motion for substitute counsel; by allowing the admission of K.S.A. 60-455 evidence; by limiting cross-examination of the victim; by refusing to allow an expert to testify; by denying his motion for a psychiatric examination of the victim; and by imposing an upward departure sentence was improper. See *Crawford*, 2009 WL 500952, at *1. We note that he attempts to raise several of these issues in his current K.S.A. 60-1507 motion.

Similarly, in his first K.S.A. 60-1507 motion, Crawford alleged that he was entitled to a new trial because the State to present perjured testimony against him; the State introduced false evidence and perjured testimony; his right to a speedy trial was denied; his preliminary examination was not conducted in a timely manner; the State committed prosecutorial misconduct; he was required to wear a prison jump suit; he was subjected to an illegal search and seizure; his trial counsel was ineffective; the district court judge was biased against him; he was wrongly barred from presenting the testimony of an expert witness; there was judicial misconduct; and there was cumulative error. See *Crawford*, 2006 WL 2265057, at *1. Again, Crawford raises several of these same issues in his current K.S.A. 60-1507 motion.

Moreover, in his second K.S.A. 60-1507 motion, Crawford alleged—among other things—judicial misconduct, that the district court had erred in refusing to allow him to

represent himself at trial. He also raised an issue relating to DNA testing. On appeal a panel of this court found "that the ends of justice do not require that he be allowed a successive K.S.A. 60-1507 motion to raise similar claims to the ones he has already pursued." *Crawford*, 2009 WL 500952, at *1. Yet again, we note that Crawford raises the issue of judicial misconduct in his current K.S.A. 60-1507 motion.

Consequently, we find that Crawford has previously raised most—if not all—of the issues he attempts to assert in his most recent K.S.A. 60-1507 motion. In addition, we find that he has provided no explanation—and fails to point us to any changes in the law or unusual circumstances—that might justify his filing of successive K.S.A. 60-1507 motions. Thus, Crawford's motion is both successive and untimely.

We, therefore, conclude—based on our review of motion, files, and records of the case—that the district court did not err in summarily dismissing the K.S.A. 60-1507 motion that is the subject of Crawford's current appeal.

Affirmed.