NOT DESIGNATED FOR PUBLICATION

No. 122,910

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

PAUL LAWRENCE BARNETT III,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed August 27, 2021. Affirmed.

*Bach T. Hang*, of The Douglas Firm LLC, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., MALONE, J., and BURGESS, S.J.

PER CURIAM: Paul Lawrence Barnett III appeals the district court's summary dismissal of his second motion for habeas corpus relief under K.S.A. 60-1507. The district court found that Barnett's K.S.A. 60-1507 motion was untimely and that he failed to establish manifest injustice to justify the untimely filing. In addition, the district court found that Barnett's K.S.A. 60-1507 motion was successive and that he failed to establish exceptional circumstances to justify the filing of a second motion. We agree with the district court. In addition, we conclude that Barnett's primary argument regarding access to DNA evidence has been fully litigated on numerous occasions rendering his second

1

K.S.A. 60-1507 motion successive. We affirm the district court's summary denial of Barnett's second K.S.A. 60-1507 motion.

FACTUAL AND PROCEDURAL BACKGROUND

On December 18, 2009, a jury convicted Barnett of aggravated robbery, kidnapping, attempted aggravated robbery, and aggravated burglary. On October 27, 2010, prior to sentencing, Barnett filed a pro se motion, pursuant to K.S.A. 21-2512, requesting DNA testing of several pieces of trial evidence. The district court denied Barnett's motion on November 22, 2010, concluding that K.S.A. 21-2512 was inapplicable to Barnett's crimes of conviction. The next day, the district court sentenced Barnett to a total of 307 months in prison.

On November 28, 2010, Barnett mailed a pro se notice of appeal from the El Dorado Correctional Facility, and it was filed in the district court on December 21, 2010. Notably, Barnett did not challenge the district court's denial of his request for DNA testing in his direct appeal. On August 30, 2013, a panel of this court affirmed Barnett's convictions. *State v. Barnett*, No. 106,133, 2013 WL 4729219, at *5 (Kan. App. 2013) (unpublished opinion).

About a year later, on September 9, 2014, Barnett filed his first K.S.A. 60-1507 motion, which the district court denied on April 27, 2015. Barnett filed an appeal on October 13, 2015. However, on February 29, 2016, this court dismissed that appeal for lack of jurisdiction.

Several years later, on July 5, 2018, Barnett filed a second pro se motion, pursuant to K.S.A. 21-2512, requesting DNA testing. On November 7, 2018, the district court summarily denied the motion as successive and untimely. A panel of this court affirmed the district court, finding that Barnett's request for DNA testing had been fully litigated

2

and was, therefore, barred by res judicata. *State v. Barnett*, No. 121,233, 2021 WL 300700, at \*2 (Kan. App. 2021) (unpublished opinion), *petition for rev. filed* March 15, 2021.

Meanwhile, on May 17, 2019, Barnett filed a second pro se K.S.A. 60-1507 motion, which is the subject of this appeal. He argues that his trial counsel was ineffective because she failed to raise the issue of DNA testing. On July 12, 2019, the district court summarily dismissed Barnett's motion.

Specifically, the district court found, in relevant part, as follows:

"6. The instant action was filed May 17, 2019. Mr. Barnett is nearly **5 years out of time** to file a 1507 motion.

"7. The Court can allow . . . Mr. Barnett to file out of time if the Court finds that manifest injustice would result if Mr. Barnett was prevented from doing so. K.S.A. 60-1507(f)(2)

. . . .

"9. In examining Mr. Barnett's current 1507 Motion, he fails to address the issue of timeliness, and does not make any arguments with regard to manifest injustice.

. . . .

"11. Movant does make a reference in paragraph 16 of his Motion to *State v. Cheeks*, 298 Kan. 1, 310 P.3d 346 (2013), a case in which the Kansas Supreme Court allowed DNA testing in a case of a conviction for second degree murder, despite the fact that K.S.A. 21-2512 allows for DNA testing only in first degree murder and rape case. But in that same paragraph, Movant also references *State v. LaPointe*, 309 Kan. 299, 434 P.3d 850 (2019), which overruled *Cheeks*. In his underlying criminal case, Movant was not convicted of first degree murder or rape, so K.S.A. 21-2512 would not entitle him to any DNA testing.

3

"12. Nor does Movant show it is more likely than not that no reasonable juror would have convicted Movant in light of new evidence. In fact, Movant does not assert that any new evidence of any kind exists.

"13. Mr. Barnett did not present his arguments in a timely manner. To allow these arguments to go forward at this time would render the time limitation in K.S.A. 60-1507 meaningless.

"14. The Court finds that there is no manifest injustice in denying Mr. Barnett's May 17, 2019, 1507 Motion, based on its late filing.

"15. In addition to being untimely, the Motion is also successive. The Movant filed a previous 60-1507 Motion on September 09, 2014 in 14CV2454. The Court denied the Motion in an Order filed April 27, 2015. Although an appeal was filed (114,928) it was ultimately dismissed on February 29, 2016.

"16. K.S.A. 60-1507(c) is quite clear that . . . the sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner . . . . Mr. Barnett has not argued any circumstances that warrant the consideration of this successive motion. . . .

"17. Successive K.S.A. 60-1507 motions may be allowed in 'exceptional circumstances.' . . . However, an examination of Movant's motion shows no such events or changes that would allow the consideration of this second 60-1507 motion.

. . . .

"19. The Motion herein is denied as untimely and successive."

Barnett filed a timely pro se notice of appeal.

ANALYSIS

Although Barnett devotes most of his brief to facts of the case and the merits of his second K.S.A. 60-1507 motion, the primary issue presented on appeal is whether the district court erred in summarily dismissing Barnett's motion. We conclude the district court did not err and affirm.

When a district court summarily dismisses a K.S.A. 60-1507 motion, we conduct a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant has no right to relief. We are to conduct this review independently and do not defer to the district court's decision. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

A defendant has one year from when a conviction becomes final to file a K.S.A. 60-1507 motion. K.S.A. 2020 Supp. 60-1507(f)(1). Barnett did not file the motion that is the subject of this appeal until May 17, 2019. As a result, his motion was not timely filed.

A district court may extend the one-year time limitation for bringing an action under K.S.A. 2020 Supp. 60-1507(f)(1) to prevent a manifest injustice. K.S.A. 2020 Supp. 60-1507(f)(2). However, without a showing of manifest injustice, the district court must dismiss a motion as untimely filed if, after inspection of the motion, files, and records of the case, the court determines that the time limitation has been exceeded. K.S.A. 2020 Supp. 60-1507(f)(3). In other words, a movant who files an untimely motion under K.S.A. 60-1507 and fails to show manifest injustice is procedurally barred from maintaining the action. *State v. Trotter*, 296 Kan. 898, 905, 295 P.3d 1039 (2013).

On appeal, Barnett neither explains the lengthy delay in filing his second K.S.A. 60-1507 motion nor does he argue actual innocence. Instead, Barnett repeats his

substantive argument that his trial attorney was ineffective because she failed to request DNA testing of the trial evidence.

In this regard, the statute is clear regarding the scope of our manifest injustice review.

> "For purposes of finding manifest injustice under this section, the court's inquiry shall be *limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence.* As used herein, the term actual innocence requires the prisoner to show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." (Emphasis added.) K.S.A. 2020 Supp. 60-1507(f)(2)(A).

Absent any explanation regarding Barnett's filing delay or any attempt to put forth exculpatory evidence to establish his actual innocence, we agree with the district court that Barnett did not establish manifest injustice to justify the untimely filing of his K.S.A. 60-1507 motion.

We also agree with the district court's conclusion that Barnett's second K.S.A. 60-1507 motion was "successive." Specifically, we find that Barnett failed to establish exceptional circumstances to justify the filing of a second motion. In addition, we note that Barnett asserts claims that were decided, or which could have been decided, on direct appeal or in the multiple motions he has filed since that time.

Under K.S.A. 2020 Supp. 60-1507(c), district courts need not consider more than one habeas motion seeking similar relief filed by the same prisoner. Because a movant is presumed to have listed all of the grounds for relief in his or her initial K.S.A. 60-1507 motion, a prisoner must show "exceptional circumstances" to justify the filing of successive motions. *Trotter*, 296 Kan. 898, Syl. ¶ 2; see *Littlejohn v. State*, 310 Kan. 439, 444-46, 447 P.3d 375 (2019). Exceptional circumstances include "unusual events or

6

intervening changes in the law which prevent[ed] a movant from reasonably being able to raise all of the trial errors in the first postconviction proceeding." *State v. Kelly*, 291 Kan. 868, Syl. ¶ 2, 248 P.3d 1282 (2011). Barnett does not offer such an explanation, nor does he point to any changes in the law or unusual circumstances that would justify the filing of successive K.S.A. 60-1507 motions.

Since his 2009 convictions, Barnett has repeatedly argued for access to DNA testing of the trial evidence in his posttrial motions pursuant to K.S.A. 21-2512. Under the law-of-the-case doctrine, issues that have been finally decided in prior appeals in the same case are generally not to be reconsidered. This is because litigants are not entitled to have their cases decided on a piecemeal basis. Rather, they must proceed in accordance with the mandates and legal rulings as established in previous appeals. *State v. Parry*, 305 Kan. 1189, 1195, 390 P.3d 879 (2017).

As recently as January of this year, another panel of this court concluded that Barnett's argument regarding access to DNA testing of the trial evidence had been fully litigated on the merits and was, therefore, barred by res judicata. *Barnett*, 2021 WL 300700, at *2. Although, in his second K.S.A. 60-1507 motion, Barnett repackages his request for DNA testing as an ineffective assistance of counsel argument, the underlying issue is the same: whether Barnett is entitled to DNA testing under K.S.A. 21-2512 based on his crimes of conviction.

Because Barnett has already had the opportunity to litigate the issue of DNA testing in two prior motions, we agree with the district court's conclusion that Barnett's repackaging of the argument in his second K.S.A. 60-1507 motion is successive.

Finally, we are not persuaded by Barnett's argument that the district court failed to make adequate findings of fact and conclusions of law when explaining its reasons for summarily dismissing his second K.S.A. 60-1507 motion. Kansas Supreme Court Rule

7

183(j) provides that, in deciding K.S.A. 60-1507 motions, "[t]he court must make findings of fact and conclusions of law on all issues presented." (2021 Kan. S. Ct. R. 240); see *State v. Moncla*, 269 Kan. 61, 65, 4 P.3d 618 (2000). "Whether the district judge complied with Rule 183(j) involves a question of law reviewable de novo." *Robertson v. State*, 288 Kan. 217, 232, 201 P.3d 691 (2009). The primary purpose of Rule 183(j) is to assist appellate courts in conducting meaningful review. See *Moncla*, 269 Kan. at 65. Accordingly, the relevant inquiry is whether the district court made sufficient findings and conclusions upon which we can adequately perform our duties as an appellate court. See *Robertson*, 288 Kan. at 232-33.

Reviewing the district court's order, we can easily determine that the district court found Barnett's motion to be untimely because the motion was filed several years after the statutory deadline, and Barnett did not argue manifest injustice. In addition, we can determine that the district court found Barnett's second K.S.A. 60-1507 motion to be successive because he failed to assert exceptional circumstances that would justify the filing of a second motion. Accordingly, we conclude that the district court's findings were sufficient to provide us with an opportunity for meaningful review and, therefore, complied with the requirements of Supreme Court Rule 183(j).

Based on our review of the motion, files, and records of the case, we conclude that the district court did not err in summarily dismissing Barnett's second K.S.A. 60-1507 motion as untimely and successive and that the district court's order was sufficiently articulated to provide a meaningful review. We affirm.

Affirmed.