NOT DESIGNATED FOR PUBLICATION

No. 124,735

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

RICKEY MARKS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed December 9, 2022. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Milesha N. Segun*, assistant district attorney, *Mark A. Dupree Sr.*, and *Derek Schmidt*, attorney general, for appellee.

Before HURST, P.J., MALONE and BRUNS, JJ.

PER CURIAM: Rickey Marks appeals the district court's summary denial of his third K.S.A. 60-1507 motion. Marks was convicted of first-degree premeditated murder in 2008. In his third K.S.A. 60-1507 motion, Marks mainly claimed that his trial counsel was ineffective for failing to pursue a mental disease or defect defense. The district court summarily denied the motion as successive and untimely. After thoroughly reviewing the record, we find no error and affirm the district court's judgment.

1

On October 11, 2008, Marks stabbed his wife, Rozeta, eight times in her chest, arm, and back, while she was driving to a store with Marks. Rozeta died from her injuries, and Marks was charged with first-degree premeditated murder. *State v. Marks*, 297 Kan. 131, 132-33, 298 P.3d 1102 (2013) (*Marks I*). At trial, Marks testified that Rozeta became irate during an argument and pulled a knife out from under the car's seat. Marks testified that after a struggle, Rozeta "'lunged'" towards him and then "'this happened.'" 297 Kan. at 134. In essence, Marks' defense at trial was that he did not commit premeditated murder but stabbed his wife during a sudden quarrel and in self-defense. The district court instructed the jury on first-degree premeditated murder and lesser included offenses down to involuntary manslaughter. The district court also instructed the jury on the defenses of self-defense and voluntary intoxication.

Before trial, Marks' first appointed defense counsel provided the State with a timely notice of a mental disease or defect defense under K.S.A. 22-3219 and secured approval to hire an expert witness in that area. But no evidence supporting a mental disease or defect was introduced at trial. A jury convicted Marks as charged, and the district court sentenced him to life in prison with a minimum confinement of 25 years. Marks filed a motion for new trial, based in part on the sufficiency of the evidence to establish premeditation, but the district court denied the motion.

In his direct appeal, Marks alleged: (1) The prosecutor committed misconduct in closing arguments by misstating the law on premeditation; (2) the district court erred when it denied his motion in limine to exclude evidence that his wife filed for divorce in the weeks before her murder; (3) the Wyandotte County District Attorney's open file discovery policy violated K.S.A. 22-3212 and K.S.A. 22-3213; and (4) cumulative error deprived him of a fair trial. Our Supreme Court found that the prosecutor misstated the law on premeditation and that Marks was entitled to copies of discovery under K.S.A. 22-

3212 and K.S.A. 22-3213. But the court's majority found that the errors were harmless and affirmed his convictions. 297 Kan. at 151.

On December 5, 2013, Marks filed his first K.S.A. 60-1507 motion, raising nine issues including claims of ineffective assistance of trial and appellate counsel and claims of unconstitutional jury instructions. *Marks v. State*, No. 115,444, 2017 WL 2494990 (Kan. App. 2017) (unpublished opinion) (*Marks II*). The district court appointed counsel and held a full evidentiary hearing, at which counsel argued only two of the nine issues raised in the motion. Even so, the district court addressed all nine issues and found that Marks failed to establish that either trial counsel or appellate counsel were ineffective or that any trial errors required a new trial. This court affirmed the district court's decision. 2017 WL 2494990, at *12.

On March 19, 2018, Marks also sought relief in the federal district court in which he raised the same issues as he raised in his previous K.S.A. 60-1507 motion. The federal district court dismissed his petition in part and denied it in part. *Marks v. Cline*, No. 5:18-CV-03065-HLT, 2020 WL 1812267 (D. Kan. 2020) (unpublished opinion). The Tenth Circuit Court of Appeals then denied his request for a certificate of appealability. *Marks v. Cline*, No. 20-3071, 853 Fed. Appx. 224 (10th Cir. 2021) (unpublished opinion) (*Marks III*).

On July 12, 2019, Marks filed his second K.S.A. 60-1507 motion. In that motion, Marks asserted that his trial attorney provided ineffective assistance of counsel by failing to challenge the search of Marks' cell phone and by failing to move to suppress the evidence obtained as a result of the search. The district court found the issue was barred by res judicata and summarily denied his motion. On appeal, this court found the issue had not been previously decided on the merits, but it was still barred by res judicata because it was an issue that could have been previously raised. This court also found Marks' second K.S.A. 60-1507 motion was successive and untimely. *Marks v. State*, No.

122,291, 2022 WL 333600 (Kan. App.) (unpublished opinion), *rev. denied* 316 Kan. ___ (November 23, 2022) (*Marks IV*).

On October 12, 2021—while the appeal from the denial of his second K.S.A. 60-1507 motion was pending—Marks filed his third and present K.S.A. 60-1507 motion. In this motion, Marks argued that his trial counsel was ineffective for failing to properly investigate and pursue a defense of not guilty by reason of mental disease or defect. Marks claimed that he was not given the opportunity to pursue a defense of mental disease or defect because his trial counsel reviewed the evaluation and abandoned that defense without first showing him the results of the evaluation or consulting with him. Marks asserted actual innocence based on this defense. The psychiatric evaluation was not filed with the district court and is not a part of the record on appeal. In addition, Marks once again challenged the jury instruction defining premeditation.

On December 20, 2021, in a detailed eight-page memorandum decision, the district court addressed each of Marks' claims and found that his third K.S.A. 60-1507 motion was successive, untimely, and his claims were not factually supported. The district court found that all grounds for relief should have been raised in his original K.S.A. 60-1507 motion and noted that Marks "waited 13 years after the murder and 8 years after his first habeas filing to raise this insanity claim." The district court found that the claims in Marks' motion "do not rise to the level of establishing manifest injustice or actual innocence." The district court also found that Marks had failed to establish exceptional circumstances, noting there were no intervening changes in the law that prevented him from raising the mental disease or defect issue in his first K.S.A. 60-1507 motion. Based on these findings, the district court denied Marks' motion without holding an evidentiary hearing. Marks timely appealed the district court's judgment.

ANALYSIS

On appeal, Marks claims the district court erred in denying his third K.S.A. 60-1507 motion without holding an evidentiary hearing. Marks focuses on the merits of his claim that his trial counsel was ineffective for failing to properly investigate and pursue a defense of not guilty by reason of mental disease or defect. He asserts that his motion alleged sufficient facts which, if true, "would support a manifest injustice/colorable claim of actual innocence." Marks does not renew his claim in district court challenging the jury instruction defining premeditation. An issue not briefed is waived or abandoned. *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021).

The State responds that the district court properly denied Marks' K.S.A. 60-1507 motion. The State argues that Marks' claims in his latest motion are barred by res judicata and that the motion was successive and untimely.

A district court has three options when handling a K.S.A. 60-1507 motion:

> "'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citations omitted.]" *State v. Adams*, 311 Kan. 569, 578, 465 P.3d 176 (2020).

The standard of review depends on which of these options a district court uses. 311 Kan. at 578. Here, the district court summarily dismissed Marks' K.S.A. 60-1507 motion, so we conduct a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant has no right to relief. *Breedlove*

*v. State*, 310 Kan. 56, 59, 445 P.3d 1101 (2019). Marks has the burden of establishing that he was entitled to an evidentiary hearing. To meet this burden, Marks' contentions must be more than conclusory and either set forth an evidentiary basis to support those contentions or the basis must be evidence from the record. See *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

*Marks' motion is successive.*

Marks has sought relief through a direct appeal, two prior motions for relief under K.S.A. 60-1507, a federal habeas motion, and several miscellaneous posttrial motions filed in the district court. A court need not entertain a second or successive motion for similar relief on behalf of the same prisoner. K.S.A. 2021 Supp. 60-1507(c); *Beauclair v. State*, 308 Kan. 284, 304, 419 P.3d 1180 (2018). "A movant in a K.S.A. 60-1507 motion is presumed to have listed all grounds for relief, and a subsequent motion need not be considered in the absence of a showing of circumstances justifying the original failure to list a ground." *State v. Trotter*, 296 Kan. 898, Syl. ¶ 2, 295 P.3d 1039 (2013).

Courts may dismiss a successive K.S.A. 60-1507 motion as an abuse of the remedy. To prevent dismissal of a successive motion, a movant must establish exceptional circumstances. *Beauclair*, 308 Kan. at 304. Exceptional circumstances are unusual events or intervening changes in the law that prevented the defendant from raising the issue in a previous K.S.A. 60-1507 motion. 308 Kan. at 304. In reviewing Marks' motion, we consider whether the movant "presented exceptional circumstances to justify reaching the merits of the motion, factoring in whether justice would be served by doing so." *Littlejohn v. State*, 310 Kan. 439, 446, 447 P.3d 375 (2019).

Although Marks acknowledges in his K.S.A. 60-1507 motion that exceptional circumstances are required to overcome the successive filing, he fails to allege that any exceptional circumstances exist in this case. Instead, he jumps right into the merits of his

6

claim, alleging that his mental health evaluation was insufficient and that trial counsel was ineffective in choosing not to pursue a mental disease or defect defense at trial without first consulting with him. Marks claims that if the mental disease or defect defense had been presented, the result of his trial might have been different. But he does not explain why he did not raise this issue in his direct appeal or in either of his prior K.S.A. 60-1507 motions. Under these circumstances, we do not find exceptional circumstances are present that would justify reaching the merits of the motion.

All the issues raised by Marks in his current motion have been raised in prior motions or could have been raised in prior motions. Our review of the record confirms the district court's finding that his claims were successive. K.S.A. 60-1507 proceedings are not a substitute for a direct appeal absent a showing of exceptional circumstances. Supreme Court Rule 183(c)(3) (2022 Kan. S. Ct. R. at 243). Marks does not explain why he did not claim his counsel was ineffective for failing to pursue a mental disease or defect defense in his previous motions, and we find that Marks has not met his burden to show any exceptional circumstances justifying a successive filing.

*Marks' motion is untimely.*

Generally, a defendant has one year from when a conviction becomes final to file a motion under K.S.A. 60-1507(a). K.S.A. 2021 Supp. 60-1507(f)(1). A court may extend the time limitation for bringing a K.S.A. 60-1507 motion to prevent a manifest injustice. K.S.A. 2021 Supp. 60-1507(f)(2). K.S.A. 2021 Supp. 60-1507(f)(2)(A) states that to find a manifest injustice, the courts are "limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence." The Legislature defined actual innocence to mean that the prisoner must "show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 2021 Supp. 60-1507(f)(2)(A).

7

If a court finds a manifest injustice exists, it must state the factual and legal basis for its manifest injustice finding in writing with service to the parties. K.S.A. 2021 Supp. 60-1507(f)(2)(B). Courts are to dismiss a motion as untimely filed if, after inspection of the motion, files, and records of the case, the court determines that the time limitations have been exceeded and that dismissing the motion would not equate with manifest injustice. K.S.A. 2021 Supp. 60-1507(f)(3).

Marks filed his third K.S.A. 60-1507 motion more than eight years after his conviction was affirmed on direct appeal. Marks' first appointed trial counsel filed a timely notice of a mental disease or defect defense under K.S.A. 22-3219. Although Marks was evaluated by a psychiatrist, his trial counsel apparently decided against pursuing that defense. Thus, Marks was aware before trial and when he filed his first K.S.A. 60-1507 motion that a defense based on mental disease or defect was a possibility. Marks has provided this court with no reason as to why this claim was not asserted in his previous K.S.A. 60-1507 motion which was filed within the time limits of K.S.A. 60-1507(f).

Marks also asserts that he made a colorable claim of actual innocence in his K.S.A. 60-1507 motion. In his motion, Marks admits that he stabbed his wife, but he claims he was unable to form the intent to commit the crime and is thus actually innocent. In support of his allegation, he points to his erratic behavior at the hospital after the stabbing and his trial testimony that he did not know how many times he had stabbed his wife. Marks also asserts that the mental evaluation conducted by a psychiatrist was inadequate and the court "cannot speculate on what possible avenues of defense an adequate examination might or might not have revealed to counsel." Marks claims that the lack of evidence is "reasonable cause to believe that Marks suffered from a mental disease or defect during [the] commission of [the] charged crime and incompetent to the extent that he was unable to understand the nature and the consequences of the proceedings against him or to assist properly in his defense."

8

The State responds by noting that none of the evidence cited by Marks in his motion is new evidence, and any argument about the effectiveness of a mental disease or defect claim is merely speculative. We agree. Marks has failed to meet his burden to show that "it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 2021 Supp. 60-1507(f)(2)(A); *Beauclair*, 308 Kan. at 294. Marks merely makes a conclusory claim that no reasonable juror would have convicted him of premeditated first-degree murder if his trial counsel had pursued a mental disease or defect defense, but he points to no evidence to support this claim. There is no evidence in the record that Marks was suffering from a mental disease or defect when he stabbed his wife or that evidence of such a disease or defect would have changed the result of the trial. The psychiatric evaluation secured by Marks' original counsel was not filed with the district court and is not included in the record on appeal.

Our review of the K.S.A. 60-1507 motion, the supporting documentation, and the record shows that Marks' assertions stem from mere speculation. Marks has failed to show that "it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 2021 Supp. 60-1507(f)(2)(A). Marks' motion was untimely, and he has not met the burden of showing us that a manifest injustice will result without the extension of the time limitation to file his motion. Thus, we find the district court did not err in summarily denying Marks' latest K.S.A. 60-1507 motion.

Affirmed.