ORDER DENYING CERTIFICATE OF APPEALABILITY*
MARY BECK BRISCOE, Circuit Judge.
Clayton Swanner, a Kansas state prisoner, seeks a certificate of appealability (“COA”) in order to challenge the district court’s denial of his 28 U.S.C. § 2254 application for federal habeas relief. Because Swanner failed to satisfy the standards for the issuance of a COA, we deny his request and dismiss the matter.
I
Swanner was tried by jury and found guilty of two counts of aggravated criminal sodomy, one count of aggravated battery, and one count of criminal threat. Swanner was subsequently sentenced to 444 months’ imprisonment. Swanner’s convictions were affirmed on direct appeal by the Kansas Court of Appeals, with the exception of the aggravated battery conviction. State v. Swanner, No. 83,710, 16 P.3d 339 (Kan.Ct.App. Dec.8, 2000). The aggravated battery conviction was subsequently dismissed. The Kansas Supreme Court denied Swanner’s request for review.
Swanner then sought state post-conviction relief pursuant to Kan. Stat. Ann. § 60-1507, arguing that he was denied his Sixth Amendment right to effective assistance of counsel because his trial attorney was operating under a conflict of interest. The state district court denied relief, and the Kansas Court of Appeals affirmed the district court. Swanner v. Nelson, No. 91,416, 2005 WL 1661297, at *8 (Kan.Ct. App. Nov.2, 2005).
Before the federal district court, Swanner raised the same claim in his § 2254 petition as he raised in his state post-conviction relief motion. The district court denied Swanner’s petition. Swanner filed a timely notice of appeal, as well as an application for a COA.
II
Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S.Ct. 1029,154 L.Ed.2d 931 (2003). In other words, a state prisoner may appeal from the denial of federal habeas relief under 28 U.S.C. § 2254 only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA may be issued “only if the applicant has made a substantial showing of the denial of a constitutional right.” 28 U.S.C. § 2253(c)(2). In order to make that showing, a prisoner must demonstrate “that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.” Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (internal quotations omitted).
III
Swanner seeks a COA with respect to the ineffective assistance of counsel issue raised in his federal habeas petition. Swanner argues that his trial counsel was under an actual conflict of interest arising from a disciplinary complaint against him, *778 and that therefore, Swanner’s defense was adversely impacted. Because the Kansas Court of Appeals addressed this claim on the merits in affirming the denial of post-conviction relief, Swanner can only prevail on this claim in this federal habeas proceeding if he can demonstrate that the state court’s ruling was “contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,” or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).
Claims of ineffective assistance of counsel are governed by the Supreme Court’s decision in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To support such a claim, a defendant must show that his attorney’s performance “ ‘fell below an objective standard of reasonableness’ and that the unreasonably deficient performance resulted in prejudice.” Lucero v. Kerby, 133 F.3d 1299, 1323 (10th Cir.1998) (quoting Strickland, 466 U.S. at 688, 691-92, 104 S.Ct. 2052).
The district court concluded that the Kansas Court of Appeals, in rejecting Swanner’s ineffective assistance of counsel claim, reasonably applied the Strickland standard. More specifically, the district court agreed that the more stringent standard found in Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), which presumes prejudice to a defendant claiming ineffective assistance of counsel when that defendant shows an actual conflict of interest adversely affected the counsel’s performance, was inapplicable because no “actual conflict” existed. The district court also agreed with the Kansas Court of Appeals that Swanner had not satisfied the Strickland standard because he had failed to demonstrate any reasonable probability that the outcome of his trial would have been different but for his counsel’s alleged deficient performance.
After examining the record on appeal, we conclude that Swanner has not demonstrated that “reasonable jurists could debate whether” his ineffective assistance of trial counsel claim “should have been resolved in a different manner or ... w[as] adequate to deserve encouragement to proceed further.” Slack, 529 U.S. at 484, 120 S.Ct. 1595. Swanner is therefore not entitled to a COA on his claim.
IV
After carefully reviewing Swanner’s appellate pleadings and the record on appeal, we conclude he has failed to establish that “reasonable jurists could debate whether” his habeas petition “should have been resolved in a different manner or ... w[as] adequate to deserve encouragement to proceed further.” Id.
We therefore DENY Swanner’s request for a COA and DISMISS the matter.

 This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.