NOT DESIGNATED FOR PUBLICATION

No. 121,883

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CLAYTON B. SWANNER,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sumner District Court; R. SCOTT MCQUIN, judge. Opinion filed March 5, 2021.
Affirmed.

*Martin J. Peck*, of Wellington, for appellant.

*Kerwin L. Spencer*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., GARDNER, J., and BURGESS, S.J.

PER CURIAM: A district court summarily denied Clayton B. Swanner's second
K.S.A. 60-1507 motion. In this appeal, he contends that he raised a colorable claim of
actual innocence because he was convicted of two counts of aggravated sodomy when the
State presented evidence of just one crime. But the record shows that claim is inaccurate.
Evidence was presented to the jury that the two counts of aggravated sodomy occurred on
separate days. Thus, his claim of actual innocence fails. We therefore affirm the district
court's dismissal of his motion.

1

In 1999, the jury found Swanner guilty of criminal threat, aggravated battery, and two counts of aggravated criminal sodomy. The court imposed a 444-month prison sentence. On appeal, our court reversed Swanner's aggravated battery conviction but otherwise affirmed the district court. *State v. Swanner*, No. 83,710, unpublished opinion filed December 8, 2000 (Kan. App.) (unpublished opinion). The Supreme Court denied review.

After that, Swanner sought postconviction relief in state and then federal court. Our court affirmed the denial of Swanner's first 60-1507 motion in *Swanner v. Nelson*, No. 91,416, 2005 WL 1661297 (Kan. App. 2005) (unpublished opinion). Swanner then unsuccessfully pursued federal review of his challenges. See *Swanner v. McKune*, 327 Fed. Appx. 776 (10th Cir. 2009) (unpublished opinion).

Then, in 2018, Swanner filed this second 60-1507 motion in which he made three claims. He argued that he received ineffective assistance of trial and appellate counsel, the court imposed an illegal sentence, and his two convictions for aggravated criminal sodomy were multiplicitous because they stemmed from just one instance of sodomy. The district court summarily denied the motion, and Swanner has appealed.

When a district court denies a 60-1507 motion without holding a hearing, we review to determine whether the motion, files, and records of the case conclusively show that the movant is entitled to no relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

*Two legal points bar Swanner from obtaining any relief.*

Swanner's motion is untimely. There is a one-year time limit set out in K.S.A. 2020 Supp. 60-1507(f)(1). Under that provision, an inmate must make any habeas claims within one year after the inmate's direct appeal. An extension of that period is allowed

only if it is needed "to prevent manifest injustice." K.S.A. 2020 Supp. 60-1507(f)(2). This motion was filed years after the one-year time limit had expired.

Swanner's motion is also successive. He has brought a habeas corpus motion before this one. Under Kansas law, courts need not consider more than one habeas motion for similar relief. K.S.A. 2020 Supp. 60-1507(c). Because a person bringing a habeas motion is presumed to have listed all grounds for relief, *Beauclair*, 308 Kan. at 304, a court need not consider a later motion unless the person shows "exceptional circumstances." *Littlejohn v. State*, 310 Kan. 439, 446, 447 P.3d 375 (2019).

*Swanner has not shown us any exceptional circumstances.*

A colorable claim of actual innocence based on new evidence can establish both the manifest injustice and exceptional circumstances needed to overcome the procedural bars of untimeliness and successiveness. See *Beauclair*, 308 Kan. at 304-05. To establish a colorable claim of actual innocence and secure review on the merits, the habeas movant must show that, more likely than not, no reasonable juror would have convicted the movant given new evidence. 308 Kan. at 301.

While Swanner concedes that he does not really have new evidence, he contends that he has a colorable claim of actual innocence. He claims that he was convicted of two counts of aggravated sodomy when the evidence showed only one instance. He therefore argues that no reasonable juror could find him guilty of two counts of aggravated sodomy.

In doing so, Swanner relies on language in the opinion of this court from his direct appeal. In that appeal, Swanner argued that the district court had erred by failing to give a multiple acts instruction on one count of aggravated criminal sodomy when there was evidence presented to the jury of two acts of aggravated sodomy on April 11, 1998. This

court rejected that argument, saying the State presented evidence of "only one instance of aggravated sodomy." 2000 WL 1826969, at *2-3. Swanner seizes on that language and asserts that his convictions for two counts of aggravated sodomy are multiplicitous because the State presented evidence of just one occurrence.

Multiplicity is the charging of a single offense as more than one count on a charging document. This leads to multiple punishments for a single offense, which violates the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. *State v. Pham*, 281 Kan. 1227, 1246, 136 P.3d 919 (2006). Swanner's aggravated sodomy convictions are not multiplicitous.

Swanner misstates the facts of his case. This court, on direct appeal, found that the State had presented evidence of "only one instance of aggravated sodomy" on April 11, 1998. 2000 WL 1826969, at *3. But the jury also convicted Swanner on another count of aggravated sodomy based on an incident that occurred on April 12. Thus, we agree with the district court's conclusion here that "[o]bviously, his convictions were not multiplicitous."

Swanner has not made a colorable claim of actual innocence. He has shown us no exceptional circumstances that would permit a second motion for habeas relief. The district court correctly denied his 60-1507 motion as untimely and successive.

Affirmed.

4