IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 124,028

STATE OF KANSAS,
*Appellee*,

v.

MARTIN VASQUEZ,
*Appellant*.

SYLLABUS BY THE COURT

An illegal sentence is a sentence that (1) is imposed by a court without jurisdiction; (2) does not conform to statutory provisions about the character or term of punishment authorized; or (3) ambiguously states the time to be served or the way the defendant must serve the sentence. Whether a sentence meets these definitions presents a question of law. A district court may summarily deny the motion without appointment of counsel if the motion, files, and records of the case conclusively show the defendant has no right to relief. On appeal from a district court order summarily denying a motion to correct illegal sentence, an appellate court conducts an unlimited review because the appellate court has the same access to the files, records, and motion as the district court.

Appeal from Edwards District Court; BRUCE T. GATTERMAN, judge. Opinion filed June 3, 2022. Affirmed.

*Martin Vasquez,* appellant pro se, was on the briefs.

*Kristafer R. Ailslieger*, deputy solicitor general, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

LUCKERT, C.J.: Martin Vasquez challenges the district court's summary denial of his motions to correct illegal sentences for three counts of first-degree murder, one count each of aggravated robbery and felony theft, and one count of misdemeanor theft. Vasquez' claims do not fall within the narrow statutory definition of illegal sentence. We thus affirm the district court's summary dismissal of Vasquez' motions.

FACTUAL AND PROCEDURAL BACKGROUND

The facts of the underlying crime are set forth in Vasquez' direct appeal, *State v. Vasquez*, 287 Kan. 40, 194 P.3d 563 (2008). Highly summarized, an Edwards County District Court jury convicted Vasquez of three counts of first-degree murder, one count each of aggravated robbery, aggravated burglary, and felony theft, and one count of misdemeanor theft after his estranged wife, her father, and her new boyfriend died from gunshot wounds to the head. The sentencing judge imposed three consecutive sentences of a maximum of life and a minimum of 40 years for the first-degree murder convictions.

He appealed, and this court affirmed all convictions except one for aggravated burglary. 287 Kan. at 62.

Sometime later, Vasquez filed a motion for postconviction relief under K.S.A. 60-1507. The district court denied the motion, and the Court of Appeals affirmed that judgment. *Vasquez v. State*, No. 106,505, 2014 WL 4080025 (Kan. App. 2014) (unpublished opinion), *rev. denied* 302 Kan. 1022 (2015).

The current proceedings began in March 2020, with a series of pro se motions. In the motions, Vasquez attacks his convictions. He argues insufficient evidence supported

the theft of a handgun count, the court should not have admitted assorted items of forensic evidence because of *Brady* violations, law enforcement falsely arrested him, and he is innocent.

The district court consolidated the motions and summarily denied them, finding that none of the motions raised a substantial issue of law or fact that would support the narrow grounds for relief allowed under K.S.A. 2020 Supp. 22-3504, the motion for illegal sentence statute. Because Vasquez had made passing references to K.S.A. 60-1501 and K.S.A. 60-1507, the judge also addressed the reasons Vazquez had no right to relief under those statutes.

Vasquez appeals, and this court has jurisdiction under K.S.A. 2020 Supp. 22-3601(b)(3) (vesting appellate jurisdiction over cases in which maximum sentence of life imprisonment imposed).

ANALYSIS

Vasquez framed his motions as ones to correct an illegal sentence under K.S.A. 2020 Supp. 22-3504(a). Longstanding caselaw and, more recently, the illegal sentence statute define an illegal sentence as a sentence that (1) is imposed by a court without jurisdiction; (2) does not conform to statutory provisions about the character or term of punishment authorized; or (3) ambiguously states the time to be served or how the defendant must serve the sentence. K.S.A. 2020 Supp. 22-3504(c)(1); *State v. Sartin*, 310 Kan. 367, 370, 446 P.3d 1068 (2019).

Whether a sentence meets these definitions presents a question of law. A district court may summarily deny the motion without appointment of counsel if the motion, files, and records of the case conclusively show the defendant has no right to relief.

3

*State v. Mitchell*, 315 Kan. 156, 158, 505 P.3d 739 (2022). On appeal from a district court order summarily denying a motion to correct illegal sentence, an appellate court conducts an unlimited review because the appellate court has the same access to the files, records, and motion as the district court. *State v. Alford*, 308 Kan. 1336, 1338, 429 P.3d 197 (2018).

Here, that unlimited review shows that, even under a liberal reading of Vasquez' pleadings, none of the alleged errors fall within the narrow parameters of an illegal sentence under K.S.A. 2020 Supp. 22-3504. All the arguments concern rulings about the admission or the sufficiency of evidence. Vasquez attacks his convictions, not the legality of this sentence. He presents no arguments about whether the court lacked jurisdiction to impose his sentences, the sentences conform to statutory provisions, or the sentences are ambiguous.

In other words, the district court judge correctly determined that Vasquez raised no substantial issues of law or fact that would support correcting an illegal sentence. The district court thus did not err in summarily denying Vasquez' motions to correct an illegal sentence. And, assuming Vazquez had raised claims under K.S.A. 60-1501 or K.S.A. 60-1507, he does not argue on appeal that the district court judge erred in denying those claims. Vasquez has thus abandoned any appellate argument he might have about those rulings. See *State v. Bailey*, 313 Kan. 895, 897, 491 P.3d 1256 (2021) (party abandons issue by failing to adequately brief it).

Finding no error, we affirm the district court.

Affirmed.

4