NOT DESIGNATED FOR PUBLICATION

No. 126,267

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

PAUL LAWRENCE BARNETT,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN M. SMITH, judge. Submitted without oral argument. Opinion filed August 9, 2024. Affirmed.

*Wendie C. Miller*, of Kechi, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before GREEN, P.J., GARDNER and PICKERING, JJ.

PER CURIAM: Paul Lawrence Barnett appeals the district court's summary denial of his K.S.A. 60-1507 motion. He argues that he established manifest injustice and exceptional circumstances such that the district court should have considered the merits of his motion. He also argues that his right to a speedy trial and right to be present were violated. Barnett's arguments are exposed to grave flaws. First, Barnett is unable to show manifest injustice necessary for an untimely motion because he fails to explain why he should be permitted to raise the claim outside of the statutory time limit of one year. Second, Barnett is unable to explain why he should be permitted to raise this claim in his

fifth K.S.A. 60-1507 motion because he fails to show exceptional circumstances necessary for a successive motion. But Barnett brushes aside these flaws with his contentions which are devoid of any recitation of essential facts.

As for the K.S.A. 60-1507 movant's burden of proof, it is a well-known rule that for a criminal defendant to get an evidentiary hearing on his or her K.S.A. 60-1507 motion, the defendant must "make more than conclusory contentions and must state an evidentiary basis in support of those claims or some evidentiary support must appear in the record." *Breedlove v. State*, 310 Kan. 56, 66, 445 P.3d 1101 (2019). Here, Barnett attempts to persuade by his mere assertions and repetitions. Because he offers no reasons in support for his assertions and repetitions, they are incapable of persuading anyone who does not already agree with them. And because it is apparent that Barnett seeks to be excused from compliance with these previously mentioned advocacy standards, we affirm the district court's summary denial of his K.S.A. 60-1507 motion.

FACTS

A jury convicted Barnett of aggravated robbery, kidnapping, attempted aggravated robbery, and aggravated burglary in his underlying criminal case. Before sentencing, Barnett moved pro se to dismiss his trial attorney, asserting that she did not protect his statutory right to a speedy trial. Barnett's trial attorney testified at a hearing on the motion. At the end of the hearing, the district court denied the motion, ruling that Barnett's speedy trial rights had not been violated. The district court estimated that about 60 days were chargeable to the State and the rest of the continuances were attributable to the defense because Barnett wanted to secure testimony from a codefendant and because of defense counsel's commitments on other trials. The district court sentenced Barnett to 307 months (25 years, 7 months) in prison. This court affirmed Barnett's convictions on direct appeal, but Barnett did not raise the speedy trial issue on direct appeal. *State v. Barnett*, No. 106,133, 2013 WL 4729219, *1, 5 (Kan. App. 2013) (unpublished opinion).

In 2014, Barnett filed his first K.S.A. 60-1507 motion. Among his claims, he asserted that trial counsel was ineffective in preserving his speedy trial rights and that his direct appeal counsel was similarly ineffective for failing to raise the issue. The district court denied this 60-1507 motion, restating its finding from before sentencing that about 60 days of continuances were chargeable to the State. Barnett appealed, but this court did not issue an opinion because this court ordered the appeal dismissed for lack of jurisdiction.

In 2019, Barnett filed a K.S.A. 60-1507 motion arguing that trial counsel was ineffective for failing to request DNA testing of trial evidence. The district court denied the motion, ruling that the motion was untimely and successive, and Barnett failed to show—or even argue—manifest injustice or exceptional circumstances. This court affirmed. *Barnett v. State*, No. 122,910, 2021 WL 3822930 (Kan. App. 2021) (unpublished opinion).

In May 2022, Barnett filed his third K.S.A. 60-1507 motion. The district court summarily denied it.

In June 2022, Barnett filed his fourth K.S.A. 60-1507 motion. The district court summarily denied it.

In 2023, Barnett filed this K.S.A. 60-1507 motion. Barnett's underlying claim was that trial counsel was ineffective for continuing trial outside his presence. The district court summarily denied relief, ruling that all claims were addressed or could have been addressed on direct appeal or in previous motions and were barred by res judicata. The district court noted that the motion was his fifth K.S.A. 60-1507 motion and was untimely, adding that Barnett failed to show manifest injustice.

Barnett timely appeals.

ANALYSIS

I. *Did Barnett show manifest injustice?*

Barnett argues that the district court erred by summarily denying his K.S.A. 60-1507 motion as untimely. Because Barnett failed to show, or even argue, that manifest injustice would result from denying an untimely motion, we affirm.

A district court has three options when handling a K.S.A. 60-1507 motion:

> "'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citations omitted.]" *State v. Adams*, 311 Kan. 569, 578, 465 P.3d 176 (2020).

The standard of review depends upon which of these options a district court used. 311 Kan. at 578.

When the district court summarily dismisses a K.S.A. 60-1507 motion, an appellate court conducts a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *State v. Vasquez*, 315 Kan. 729, 731, 510 P.3d 704 (2022).

To be entitled to relief under K.S.A. 60-1507, the movant must establish by a preponderance of the evidence either:  (1) "[T]he judgment was rendered without jurisdiction"; (2) "the sentence imposed was not authorized by law or is otherwise open to collateral attack"; or (3) "there has been such a denial or infringement of the

4

constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." K.S.A. 2023 Supp. 60-1507(b) (grounds for relief); see also Supreme Court Rule 183(g) (2024 Kan. S. Ct. R. at 241) (preponderance burden).

As stated earlier, if the defendant fails to make more than conclusory claims without evidentiary support, then the district court may summarily deny the defendant's K.S.A. 60-1507 motion without a hearing. See *Breedlove*, 310 Kan. at 66.

A defendant has one year from when a conviction becomes final to file a motion under K.S.A. 60-1507(a). K.S.A. 2023 Supp. 60-1507(f)(1).

The one-year time limitation for bringing an action under K.S.A. 60-1507(f)(1) may be extended by the district court only to prevent a manifest injustice. K.S.A. 2023 Supp. 60-1507(f)(2).

"'A defendant who files a motion under K.S.A. 60-1507 outside the 1-year time limitation in K.S.A. 60-1507(f) and fails to assert manifest injustice is procedurally barred from maintaining the action.'" *State v. Roberts*, 310 Kan. 5, 13, 444 P.3d 982 (2019) (quoting *State v. Trotter*, 296 Kan. 898, Syl. ¶ 3, 295 P.3d 1039 [2013]).

Effective July 1, 2016, the Legislature amended K.S.A. 60-1507(f)(2) to include a definition of manifest injustice. It states that courts are "limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence." K.S.A. 2023 Supp. 60-1507(f)(2)(A). The Legislature defined actual innocence to mean that the prisoner must "show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 2023 Supp. 60-1507(f)(2)(A). If a court finds manifest injustice exists, it must state the factual and legal basis for its manifest injustice finding in writing with service to the parties. K.S.A. 2023 Supp. 60-1507(f)(2)(B). Courts

are to dismiss a motion as untimely filed if, after inspection of the motion, files, and records of the case, the court determines that the time limitations have been exceeded and that dismissing the motion would not equate with manifest injustice. K.S.A. 2023 Supp. 60-1507(f)(3).

Barnett does not contest that his motion, filed in 2023, fell outside the one-year limit after this court's mandate in 2014. The district court ruled that Barnett did not cite sufficient grounds to find manifest injustice. In Barnett's motion, he used the title "Affidavit of Manifest [I]njustice" as a heading. Below that heading, he presented his claim against his trial counsel. Barnett also stated the rule that the one-year time limit on a K.S.A. 60-1507 motion may be extended only to prevent a manifest injustice, but then followed that rule with his claim against his trial counsel.

Barnett presented the district court with only the claim itself, without any explanation for why the district court should examine the claim despite its untimely presentation. K.S.A. 2023 Supp. 60-1507(f)(2)(A) limits the district court to determining why Barnett did not file his motion within the one-year limitation. But Barnett did not provide the district court with any explanation for why he failed to make his claim within the one-year limitation. Barnett also did not state a claim of actual innocence. Thus, the district court did not err by denying Barnett's motion for failing to show manifest injustice.

On appeal, Barnett points to the section of his motion discussing direct appeal counsel. Barnett explained to the district court that his appellate counsel prevented him from raising his speedy trial issue on direct appeal. Direct appeal counsel's failure to raise an issue to this court would necessarily occur *before* this court's direct appeal mandate. It would not explain why Barnett failed to raise the issue within one year *after* this court's mandate. So, the district court did not err by failing to consider a fact which was not relevant to its analysis.

Barnett also argues in his appellate briefs that he attempted to raise the speedy trial issue within the one-year time limit. He states that he filed a motion in 2014, but this court returned his documents to resubmit, noting that he forgot to sign the certificate of service among other technical shortcomings. First, Barnett did not raise this point in his motion to the district court. Issues not raised before the district court cannot be raised on appeal. *State v. Green*, 315 Kan. 178, 182, 505 P.3d 377 (2022). Second, technical deficiencies in his 2014 motion would not explain why he waited until December 2023 to raise the issue in his present motion. Thus, the district court did not err in finding that Barnett failed to show manifest injustice.

Finally, Barnett argues that this court should consider his speedy trial claim to be a claim of actual innocence. The State disagrees, noting that this court has rejected arguments that a violation of speedy trial rights amounts to a claim of actual innocence. See *State v. Abner*, No. 124,594, 2023 WL 2467022, at *3 (Kan. App. 2023) (unpublished opinion). But we need not address this issue because, as the State correctly points out, Barnett did not present this argument to the district court. Obviously, it is not an error for the district court to fail to consider an issue which was never presented to it. Because the district court did not err in finding that Barnett failed to show manifest injustice, we affirm the district court's denial of the motion as untimely.

II. *Did Barnett show exceptional circumstances?*

Barnett argues that the district court erred by summarily denying his K.S.A. 60-1507 motion as successive. Because Barnett failed to show, or even argue, that exceptional circumstances warranted the district court considering his fifth motion, we affirm.

"[U]nder K.S.A. 2020 Supp. 60-1507(c), district courts need not consider more than one habeas motion seeking similar relief filed by the same prisoner." *State v.*

*Mitchell*, 315 Kan. 156, 160, 505 P.3d 739 (2022); see Supreme Court Rule 183(d). A movant is presumed to have listed all grounds for relief in an initial K.S.A. 60-1507 motion and, therefore, "must show exceptional circumstances to justify the filing of a successive motion." 315 Kan. at 160.

Exceptional circumstances are unusual events or intervening changes in the law that prevented the movant from reasonably being able to raise the issue in the first postconviction motion. *Mitchell*, 315 Kan. at 160. Exceptional circumstances can include ineffective assistance of counsel claims and a colorable claim of actual innocence based on the crime victim's recantation of testimony that formed the basis of the charge against the defendant. See *Beauclair v. State*, 308 Kan. 284, 304, 419 P.3d 1180 (2018) (colorable claim of actual innocence); *Rowland v. State*, 289 Kan. 1076, 1087, 219 P.3d 1212 (2009) (ineffective assistance of counsel). In deciding whether a district court erred in summarily denying a K.S.A. 60-1507 motion as abuse of remedy, the appellate court's test should be whether the movant "presented exceptional circumstances to justify reaching the merits of the motion, factoring in whether justice would be served by doing so." *Littlejohn v. State*, 310 Kan. 439, 446, 447 P.3d 375 (2019).

Barnett needed to show exceptional circumstances to the district court to show why the district court should consider his claim. Here again, Barnett presented the claim itself, without justifying why the district court should consider that claim even though he filed four previous K.S.A. 60-1507 motions. Barnett argued to the district court that his trial counsel violated his speedy trial rights. But he did not present the district court with any argument for why it should consider his claim against his trial counsel.

In his brief, Barnett argues that his counsel on direct appeal refused to raise his speedy trial claim. He cites *Rowland*, 289 Kan. at 1087, for the proposition that ineffective assistance of counsel is an exceptional circumstance allowing a postconviction motion to raise an issue which should have been raised on direct appeal. But he is not

8

raising an issue which should have been raised on direct appeal. He is raising the issue in his fifth K.S.A. 60-1507 motion. Ineffective assistance of counsel at trial or on direct appeal was not an intervening event that would excuse Barnett's failure to raise the issue in his first four K. S.A. 60-1507 motions. See *Mitchell*, 315 Kan. at 161. He offers no exceptional circumstance to explain why it is appropriate to review his speedy trial claim in his fifth K.S.A. 60-1507 motion. Because the district court properly denied Barnett's motion as successive, we affirm.

Affirmed.