NOT DESIGNATED FOR PUBLICATION

No. 127,110

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

EDWARD A. WARREN JR.,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Submitted without oral argument. Opinion filed January 10, 2025. Affirmed.

*Grace E. Tran*, of Kansas Appellate Defender Office, for appellant, and *Edward A. Warren Jr*., appellant pro se.

*Chelsea Anderson*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before BRUNS, P.J., SCHROEDER and CLINE, JJ.

PER CURIAM: Edward A. Warren Jr. timely appeals the district court's summary denial of his motion for relief under K.S.A. 60-1507. He contends the district court erred by ruling he cannot benefit from a substantive amendment to the statute after the date of his crime. Because the change to the law was substantive in nature and given the Legislature did not express any intent for the amendment to apply retroactively, the district court properly denied Warren relief. We affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

In November 2013, Warren was released from custody by the Kansas Department of Corrections after serving a sentence for felony forgery. Less than five years later, in July 2018, Warren was arrested and charged with criminal possession of a firearm by a convicted felon under K.S.A. 2018 Supp. 21-6304(a)(2). He was later convicted at his jury trial in July 2019.

Warren timely appealed his conviction. Another panel of this court declined to address the merits of his appeal—because he raised the issue for the first time on appeal—and dismissed the action in *State v. Warren*, No. 122,207, 2022 WL 628681, at *1 (Kan. App. 2021) (unpublished opinion). The mandate was issued in October 2022. While Warren's direct appeal was pending, the Kansas Legislature amended K.S.A. 2018 Supp. 21-6304 to reduce the prohibition period on certain felons possessing a weapon from five years to three months. See K.S.A. 2021 Supp. 21-6304(a)(4)(A) and (B).

In February 2023, Warren filed his K.S.A. 60-1507 motion claiming he should benefit from the change in the law because his direct appeal was pending at the time K.S.A. 21-6304 was amended. He asked the district court to vacate his conviction as his conduct no longer fell under the definition of a felon-in-possession under the amended statute. The district court summarily denied Warren's motion in May 2023, ruling his motion was untimely, successive, and stated no grounds for relief because the amendment applied prospectively. In June 2023, Warren filed a motion for reconsideration. The district court vacated the previous findings of successiveness and untimeliness but ruled Warren was still not entitled to relief.

2

ANALYSIS

*Standard of Review*

When the district court summarily denies a K.S.A. 60-1507 motion, an appellate court conducts a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *State v. Vasquez*, 315 Kan. 729, 731, 510 P.3d 704 (2022).

*Discussion*

A prisoner serving a sentence may move to set aside, vacate, or correct his or her sentence by filing a K.S.A. 60-1507 motion. K.S.A. 2023 Supp. 60-1507(a). To be entitled to relief under K.S.A. 60-1507, the movant must establish by a preponderance of the evidence either: (1) "the judgment was rendered without jurisdiction"; (2) "the sentence imposed was not authorized by law or is otherwise open to collateral attack"; or (3) "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." K.S.A. 2023 Supp. 60-1507(b) (grounds for relief); Supreme Court Rule 183(g) (2024 Kan. S. Ct. R. at 241) (preponderance of evidence burden).

Warren contends the district court erred in summarily denying his K.S.A. 60-1507 motion. Warren maintains, in both the brief filed by appointed counsel and in his pro se supplemental brief, he should benefit from a change to the law that underpinned his criminal conviction. He also claims his conviction is no longer valid because the Legislature changed the definition for the crime of his conviction and his conduct did not constitute a crime under the amended statute. Warren submits the district court erred and we must vacate his conviction.

3

The State responds the district court properly determined Warren was not entitled to relief on his K.S.A. 60-1507 motion. The State concedes a defendant who directly appeals his or her conviction can benefit from a change in law arising from an appellate court's interpretation of the controlling statute. But here, the State claims the amendment in this case arose from a legislative change in the law. Furthermore, because the Legislature did not state an intent for the change to apply retroactively and given the amendment was substantive in nature, the State submits the law in effect at the time Warren committed his crime is controlling. Therefore, the State asks us to affirm the district court's summary denial of Warren's K.S.A. 60-1507 motion.

At the time of Warren's arrest, K.S.A. 2018 Supp. 21-6304(a)(2) defined criminal possession of a weapon by a convicted felon as possession of any weapon by a person who:

> "(2) within the preceding five years has been convicted of a felony, other than those specified in subsection (a)(3)(A), under the laws of Kansas or a crime under a law of another jurisdiction which is substantially the same as such felony, has been released from imprisonment for a felony or was adjudicated as a juvenile offender because of the commission of an act which if done by an adult would constitute the commission of a felony, and was not found to have been in possession of a firearm at the time of the commission of the crime."

Warren was convicted in July 2012 of forgery and was in custody until November 2013. Warren's arrest for criminal possession of a weapon occurred in July 2018, within five years of his release from custody on his felony charge and, therefore, within the prohibition period dictated by the statute.

The record reflects while Warren was appealing his conviction for the criminal possession charge, the Legislature amended K.S.A. 2018 Supp. 21-6304 by striking subsection (a)(2). See L. 2021, ch. 94, § 4. The amendments added provisions stating

4

criminal possession of a weapon by a convicted felon was defined as possession of any weapon by a person who "has been convicted of any other nonperson felony, other than those specified in subsections (a)(1) through (a)(3), under the laws of Kansas or a crime under the law of another jurisdiction which is substantially the same as such nonperson felony" and "less than three months have elapsed since such person satisfied the sentence imposed or the terms of any diversion agreement for such crime, or was discharged from probation, a community correctional services program, parole, postrelease supervision, conditional release or a suspended sentence." K.S.A. 2021 Supp. 21-6304(a)(4)(A)(i) and (a)(4)(B).

In its order summarily denying Warren's K.S.A. 60-1507 motion, the district court ruled he was not entitled to relief because "[t]he legislature's subsequent decision to shorten the period of prohibition for certain offenders was prospective and not retroactive." We agree.

Generally, statutory amendments will not apply retroactively unless the language of the statute indicates a contrary legislative intent. *State v. Waller*, 299 Kan. 707, 718, 328 P.3d 1111 (2014). An exception to this rule, however, is that an amendment that does not affect a defendant's substantive rights and is merely procedural in nature can be applied retroactively. *State v. Sutherland*, 248 Kan. 96, 106, 804 P.2d 970 (1991). A substantive law is one that defines what acts are crimes and prescribes the punishment for such crimes, while a procedural law dictates the process by which the State tries and punishes a defendant. *Easterwood v. State*, 273 Kan. 361, 372, 44 P.3d 1209 (2002).

The 2021 amendments to K.S.A. 21-6304 were substantive in nature because the Legislature changed the definition for criminal possession of a weapon by a felon when it reduced the period prohibiting possession from five years to three months for nonperson felonies. Given the date of Warren's charge, the 2018 version of the statute controls and dictates Warren's sentence. See *State v. Heironimus*, 51 Kan. App. 2d 841, 854, 356 P.3d

427 (2015) (criminal statute in effect at time of offense controls defendant's charge and sentence).

Because Warren is bound by the version of the statute in effect at the time of his arrest in 2018, he cannot benefit from the 2021 change to the statute. The district court correctly determined the 2021 amendments did not apply retroactively; thus, Warren was not entitled to relief on the merits of his claim. The district court did not err by summarily denying Warren's K.S.A. 60-1507 motion.

Affirmed.