NOT DESIGNATED FOR PUBLICATION

No. 127,474

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

RICHARD C. BUTLER,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Atchison District Court; GEOFFREY SONNTAG, judge. Submitted without oral argument. Opinion filed March 7, 2025. Affirmed.

*Richard C. Butler*, appellant pro se.

*Sherri L. Becker*, county attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before HILL, P.J., MALONE and CLINE, JJ.

PER CURIAM:  Our rules of argument apply to counsel and those who represent themselves alike. Richard C. Butler appeals the district court's summary dismissal of his K.S.A. 60-1507 motion. We affirm the dismissal for two reasons. Butler has failed to follow our rules and properly cite to the record on appeal and, secondly, in this collateral action he raises trial errors that could have and should have been raised in his direct appeal. We conclude that his claims do not warrant an evidentiary hearing.

1

Butler is a prisoner serving a 543-month sentence. At his jury trial, he was convicted of the following crimes committed in May 2019:

- three counts of rape,
- two counts of aggravated criminal sodomy,
- aggravated kidnapping,
- aggravated robbery,
- aggravated assault,
- domestic battery,
- two counts of criminal threat,
- robbery,
- criminal damage to property,
- intimidation of a victim, and
- harassment by telecommunication device.

After his trial but before sentencing, Butler filed a pro se motion claiming ineffective assistance of trial counsel. He argued that his trial counsel failed to cross-examine the victim and did not bring up her rape kit at trial. He argued the questions she answered during a medical examination suggested that she had lied. The trial court denied the motion.

In due course, Butler appealed his convictions and the denial of his ineffective assistance of counsel claims. A panel of this court affirmed the trial court's denial of the ineffective assistance of counsel claims. *State v. Butler*, No. 123,742, 2022 WL 3692866, at *18-19 (Kan. App. 2022) (unpublished opinion). The panel, however, reversed Butler's aggravated kidnapping conviction for insufficient evidence. The panel otherwise affirmed Butler's convictions. 2022 WL 3692866, at *13, 20. On review, the Supreme Court disagreed with the panel about the aggravated kidnapping conviction and therefore reinstated that conviction and affirmed the trial court. The Supreme Court did not take up

2

the ineffective assistance of counsel issues, leaving the panel's ruling on those issues in place. See *State v. Butler*, 317 Kan. 605, 533 P.3d 1022 (2023).

*Butler pursued a second collateral attack on his convictions in this case.*

After the ruling by the Supreme Court, Butler filed a self-titled successive K.S.A. 60-1507 motion claiming exceptional circumstances. He acknowledged that he had previously filed a K.S.A. 60-1507 motion in this case. He made three related claims:

(1) The State knowingly introduced perjured testimony through the alleged victim. The basis for this claim was that L.K.'s statements to police and her testimony were not consistent with a court-ordered domestic violence assessment and her physical examination. Butler claims this was evidence newly discovered after trial;

(2) Prosecutorial error for failure to introduce the court-ordered domestic violence assessment into evidence at his preliminary hearing and trial; and

(3) He was denied his right to present theory of defense because the State did not admit the domestic violence assessment into evidence.

The district court gave thoughtful reasons for summarily denying the motion. After finding that the lack of observable injuries on L.K. did not mean she was dishonest, the court pointed out that nothing she reported would necessarily have resulted in observable injuries. Further, L.K.'s responses to various questions documented in her medical records did not demonstrate she lied in her testimony but instead were "at best suggestive of inconsistency and perhaps would be a basis to conduct cross examination of the victim."

The district court found that L.K. was cross-examined at trial and the jury decided her veracity conclusively against Butler. Also, Butler failed to allege in his motion that he did not have L.K.'s medical records at trial or that his trial counsel was in error for failing

3

to introduce the records. Simply put, Butler was not prevented from using the records at trial. The prosecutor was not required to introduce the records into evidence, and the prosecutor's failure to introduce the records into evidence was not a constitutional violation. Butler had the report at trial and simply did not use it to discredit the victim's testimony.

*Well-established rules guide us.*

When a district court summarily dismisses a K.S.A. 60-1507 motion, an appellate court conducts a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *State v. Vasquez*, 315 Kan. 729, 731, 510 P.3d 704 (2022). After all, we are in the same position as the district court at this point.

The district court shall hold an evidentiary hearing on a K.S.A. 60-1507 motion and make findings of fact and conclusions of law with respect thereto *unless* the motion, files, and records of the case establish the movant is not entitled to relief. K.S.A. 2023 Supp. 60-1507(b); Supreme Court Rule 183(f) and (j) (2024 Kan. S. Ct. R. at 241-42). This was the conclusion of the district court here. Butler was not entitled to relief on his claims.

As the movant, Butler bears the burden of establishing entitlement to an evidentiary hearing. To meet this burden, a movant's contentions must be more than conclusory and either the movant must set forth an evidentiary basis to support those contentions or such a basis must be evident from reading the record itself. *Thuko v. State*, 310 Kan. 74, 80, 444 P.3d 927 (2019). If this showing is made, the court must hold a hearing unless the motion is a second or successive motion seeking similar relief. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

4

In his appeal, Butler basically repeats the three arguments he made in his K.S.A. 60-1507 motion but adds a new argument that the trial court erred by not allowing the jury to see a bank statement requested during deliberations. We have several observations about his appeal that illustrate our reasons for affirming.

*Butler's arguments are insufficiently briefed.*

First, we note that Butler fails to cite to the record on appeal in his brief as required by Supreme Court Rule 6.02(a)(4) (2024 Kan. S. Ct. at 36). He was ordered by this court to correct his brief, but he failed to do so. Supreme Court Rule 6.02(a)(4) requires an appellant's brief to contain a statement of facts "keyed to the record on appeal by volume and page number." He has not done so.

This failure has consequences. "The court may presume that a factual statement made without a reference to volume and page number has no support in the record on appeal." Supreme Court Rule 6.02(a)(4) (2024 Kan. S. Ct. R. at 36). An appellant's brief "may contain an appendix—without comment—consisting of limited extracts from the record on appeal." But the appendix "is not a substitute for the record itself. When an appendix is included, the statement of the case and the brief may make references to it, but the references are supplementary—and not in lieu of—the required references to the volume and page number of the record itself." Supreme Court Rule 6.02(b) (2024 Kan. S. Ct. R. at 36).

None of Butler's fact statements are keyed to the record on appeal, only to the appendix he attached to his brief. Therefore, we presume Butler's factual statements have no support in the record.

*Butler raises an issue for the first time on appeal.*

Those who file a K.S.A. 60-1507 motion must list all their grounds for relief in their motion. See *State v. Mitchell*, 315 Kan. 156, 160, 505 P.3d 739 (2022). Issues not raised before the trial court cannot be raised on appeal. There are several exceptions to the general rule that a new legal theory may not be asserted for the first time on appeal. See Supreme Court Rule 6.02(a)(5). But appellants must explain why an issue that was not raised below should be considered for the first time on appeal. This rule is strictly enforced, and litigants who fail to comply are considered to have waived and abandoned the issue. *In re N.E.*, 316 Kan. 391, 407-08, 516 P.3d 586 (2022); see *State v. Holley*, 315 Kan. 512, 524, 509 P.3d 542 (2022). This rule applies to this appeal.

For the first time on appeal, Butler argues the trial court erred by failing to allow the jury to see a Wells Fargo Bank statement that the jury requested during deliberations. He contends the bank statement was proof that he did not commit aggravated robbery or robbery. He says the bank statement was entered into the trial record. He cites to Exhibit D in his brief, which is a Wells Fargo bank statement. The State argues we should reject this claim because:

- it is new on appeal,
- no party moved to admit the bank statement into evidence at trial, and
- the jury did not ask for the statement during deliberations.

We note that Butler did not make this claim regarding the bank statement in his K.S.A. 60-1507 motion. And he has briefed no exception to the preservation rule. Additionally, he does not cite to the record on appeal to support his claim that the bank statement was admitted into evidence at trial and requested by the jury during the deliberations. For all of these reasons, we find Butler has failed to adequately brief this issue. We deem it waived and abandoned.

*We will not address claimed trial errors in a habeas corpus proceeding.*

Butler offers us three related arguments that he did raise in his K.S.A. 60-1507 motion:

(1) The State knowingly introduced perjured testimony through the alleged victim. The basis for this claim was that L.K.'s statements to police and her testimony were not consistent with a court-ordered domestic violence assessment and her physical examination. Butler claims this was evidence newly discovered after trial;

(2) Prosecutorial error for failure to introduce the court-ordered domestic violence assessment into evidence at his preliminary hearing and trial; and

(3) He was denied his right to present theory of defense because the State did not admit the domestic violence assessment into evidence.

Again, we must find that Butler has failed to adequately brief these issues, and we deem them waived and abandoned. None of Butler's fact statements are keyed to the record on appeal—only to the appendix he attached to his brief. Therefore, we may presume Butler's factual statements have no support in the record. Supreme Court Rule 6.02(a)(4). Butler has not supported his claims that the domestic violence assessment was court ordered and the prosecutor was somehow under an obligation to admit it into evidence, that the prosecutor presented perjured testimony to the jury, or that Butler was prohibited from using the domestic violence assessment at trial.

Additionally, we note that Butler's motion is successive and his claims are trial errors that should have been raised on direct appeal. He has shown no exceptional circumstances to excuse the failure to raise the claims previously. Butler's claims are iterations of one complaint—that the medical report was not admitted into evidence at trial. And that medical report is not new evidence.

7

This is a collateral attack on a criminal conviction. Supreme Court Rule 183(c)(3) (2024 Kan. S. Ct. R. at 240) provides:

> "A proceeding under K.S.A. 60-1507 ordinarily may not be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal. Mere trial errors must be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal, provided exceptional circumstances excuse the failure to appeal."

See *State v. Neal*, 292 Kan. 625, 630, 258 P.3d 365 (2011).

Along the same line, the law directs that we need not consider more than one habeas motion seeking similar relief filed by the same prisoner. K.S.A. 2023 Supp. 60-1507(c). A movant is presumed to have listed all grounds for relief in an initial K.S.A. 60-1507 motion and, therefore, "must show exceptional circumstances to justify the filing of a successive motion." *Mitchell*, 315 Kan. at 160.

Exceptional circumstances are unusual events or intervening changes in the law that prevented the movant from reasonably raising the issue previously. *Mitchell*, 315 Kan. at 160. Exceptional circumstances can include ineffective assistance of counsel claims and a colorable claim of actual innocence based on new evidence. See *Beauclair v. State*, 308 Kan. 284, 304, 419 P.3d 1180 (2018) (colorable claim of actual innocence); *Rowland v. State*, 289 Kan. 1086, 1087, 219 P.3d 1212 (2009) (ineffective assistance of counsel).

Butler does not claim ineffective assistance of counsel as an exceptional circumstance, but he does claim newly discovered evidence and offers no explanation about why it is new. We infer that this claim refers to Exhibit A.

*We examine some details about Exhibit A, the victim's medical record.*

As we understand Butler's argument, he contends that the victim's medical record shows that she was lying. In other words, he claims the record lacks any sign that she was physically attacked and that absence proves, therefore, that no crime was committed. This means—according to Butler—that when the State failed to admit the record, he was denied a fair trial.

Exhibit A is L.K.'s medical record from Stormant Vail Health dated May 11, 2019—the date of the crimes committed against L.K. The record indicates she came to the emergency room due to an alleged sexual assault. She stated she was assaulted by her boyfriend and choked multiple times. A physical examination revealed "no obvious ligature marks, abrasions, edema, ecchymosis or erythema" on her neck. A genital exam revealed no injury. She answered some general domestic violence assessment questions where she said her partner had not tried to choke her and had not forced her to engage in any sexual behavior without her consent. She also gave a detailed description of Butler's attack on her including threats, chokings, and sexual assaults.

Butler's defense counsel had this Stormont Vail medical report during the trial. At trial, Stephanie Rissen, the sexual assault nurse examiner at Stormont Vail, testified she examined L.K. She testified she found no physical evidence of strangulation. There were no rashes or reddening of the skin. Rissen testified she found no injuries during the genital exam. She referred to her written report during her testimony. Defense counsel also referred to the Stormont Vail medical record during cross-examination. Defense counsel compared the medical report she had to the report Rissen had to make sure they were the same.

Butler himself also had the report at least prior to his direct appeal. When arguing his pro se posttrial motion based on ineffective assistance of counsel, Butler read from the Stormont Vail medical record that he now argues is new evidence:

"THE COURT: You understand it was not evidence in the trial and the Court cannot consider it, it can only consider what was evidence during the trial and was submitted.

"DEFENDANT: It's submitted.

"[Trial counsel] took this and read off this in my second trial, your Honor.

"THE COURT: All right. Go ahead.

"DEFENDANT: It said–now, this is coming from the victim and the nurse asking the victim this–it said, have your partner ever threaten to–have your partner ever to commit suicide, hurt you, while you were pregnant or trying–or tried–to choke you or strangle you.

"She said no.

"It said, have you ever have been forced to engage in any type of sexual behavior without your consent.

"The victim said no.

"Why am I sitting for rape?"

Butler also refers to Exhibit B in his brief, which is a probable cause affidavit. It details L.K.'s description of the attack and indicates the officer observed some redness around her neck. The affidavit was filed on May 13, 2019. Neither Exhibit A nor B is new evidence. Butler's motion is successive and his claims are alleged trial errors that should have been raised on direct appeal. He has shown no exceptional circumstances to excuse the failure to raise the claims earlier.

*We see no reason for an evidentiary hearing on these claims.*

Butler has the burden to show his claims warranted an evidentiary hearing. We hold that the district court correctly found that Butler overstates the significance of L.K.'s

10

responses to various questions documented in her medical records. We agree with the district judge that her responses are "at best suggestive of inconsistency." It was the role of the jury to resolve such inconsistencies. Butler cites no support for his contention that he was prohibited from using the medical record at trial or calling witnesses that had examined L.K. to testify at trial. Further, L.K.'s lack of observable injuries is not conclusive evidence that she was lying. The jury heard testimony that L.K. had no physical injuries and found Butler guilty anyway. And Butler cites no authority for his contention that the prosecution was required to admit L.K.'s medical records into evidence.

In sum, the motion, files, and records of this case conclusively establish Butler is not entitled to relief in this collateral appeal.

Affirmed.